## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ROBERT C. KELLY,                                    )
                                                    )
                         Plaintiff,                 )          No:
                                                    )
        vs.                                         )          Jury Demand
                                                    )
JOHN E. POTTER, POSTMASTER GENERAL OF               )          FILED: APRIL 3, 2008
THE UNITED STATES POSTAL SERVICE,                   )          08CV1919          AEE
                                                    )          JUDGE COAR
                         Defendant.                 )          MAGISTRATE JUDGE KEYS

### AS AND FOR A FIRST CAUSE OF ACTION
**(Discrimination based on Rehabilitation Act and denial of FMLA Benefits)**

### NATURE OF ACTION

1. Plaintiff brings this as an action under the Rehabilitation Act of 1973, 29 U.S.C.

Section 791 et. seq., to correct unlawful employment practices on the basis of disability

and to make whole Plaintiff. ROBERT C. KELLY ("KELLY"). Defendant, JOHN E.

POTTER, POSTMASTER GENERAL OF THE UNITED STATES POSTAL SERVICE

("USPS") discriminated against KELLY, a Disabled Veteran and qualified individual

with a disability, because of his disability

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. & 1331, 1337, 1343, and

This action is authorized and instituted pursuant to 29 U.S.C. Section 791 of the

Rehabilitation Act of 1973. Venue is proper in this District under 28 U.S.C. Section 1391

(b). The employment practices hereafter alleged to be unlawful were and are now being

committed in the Northern District of Illinois, Eastern Division.

## PARTIES

3.  Plaintiff, ROBERT C. KELLY, (hereinafter "KELLY") is an adult person and a resident of Cook County, State of Illinois.

4.  KELLY was an employee of Defendant, JOHN POTTER, POSTMASTER GENERAL OF THE UNITED STATES POSTAL SERVICE ("USPS") from December of 1992 until his Removal in September 2007.

5.  At all times relevant, USPS, has been and is a Federal Agency of the Government and JOHN POTTER, is the Director of the USPS.

6.  USPS is an employer within the meaning of the ACT and has been at all times material to the allegations herein.

7.  Plaintiff, KELLY is "disabled" as defined by ACT, in that he has a record of or is regarded as having a physical impairment that substantially limits one or more of his major life activities. Further, Kelly has a 30% disability rating given him by the Department of Veterans Affairs and is considered to be a Disabled Veteran under 5 USCS 2108, Executive Order 2108, and Executive Order 13164.

## STATEMENT OF CLAIMS

8.  Despite Defendant listing itself as an equal employment company and having a company policy against Discrimination to the disabled, Defendant intentionally discriminated against Plaintiff because of Plaintiff's disability by refusing to provide minimal accommodation required by him, and by Defendant's policy and practice of not accommodating, on many occasions, the physical needs of the Plaintiff, along with not giving him benefits under the FMLA.

9.  In the alternative, the action of Defendant done pursuant to a policy or practice that has a discriminatory effect on Plaintiff as a disabled person in the following manner, the

2

unwritten policy is that, unless an individual is 100% "normal" physically, he has no right to any employment whatsoever.

10. Plaintiff is a "qualified individual with a disability" within the meaning of 42 U.S.C.A. § 12111(8) because he can, with reasonable accommodations, perform the essential functions of the job that he held in the employ of the Defendant.

11. The discriminatory action of Defendant as set forth above has caused Plaintiff to suffer losses of earnings, and as a further proximate result of Defendant's unlawful and intentional discriminatory actions against Plaintiff, as alleged above, Plaintiff had been harmed in that Plaintiff has suffered in his position, his work environment had become impaired and his work performance had been impaired. As a further proximate result of Defendant's unlawful and intentional discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

12. Plaintiff has no adequate remedy at law to secure relief. If this court does not enter an order for Defendant to accommodate Plaintiff, Plaintiff will be irreparably injured.

13. Plaintiff filed a discrimination charge against Defendant with the Equal Employment Opportunity (EEO).

14. On January 10, 2008, Plaintiff received notice from the EEO of her right to bring this action (see Exhibit "A"), and Plaintiff timely filed this action.

## AS AND FOR A SECOND COUNT OF ACTION
### (Title VII-RACE DISCRIMINATION)

15. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991, for the Defendant, USPS having subjected Plaintiff, KELLY to racial discrimination by failure to treat him the same as other non-African-American Black employees by giving them benefits while denying Plaintiff, despite KELLY'S repeated complaints about same.

16. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as more fully set forth herein.

17. Defendant by its action or actions of its agents, caused and created a hostile work environment which unreasonably interfered with the terms and conditions of Plaintiffs employment and Plaintiff performance in his job and created a racially hostile and offensive work environment. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et seq; as amended by inter alia the Civil Rights Act of 1991.

18. By reason of the racial discrimination of Defendant, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

19. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Title VII-RELIGIOUS DISCRIMINATION)

### Nature of the Action

20. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991, for the Defendant, USPS having subjected Plaintiff, KELLY to religious discrimination by failure to treat him the same as other non-Atheist employees despite KELLY'S repeated complaints about same.

4

21. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

22. Defendant by its action or actions of it's' agents, caused and created a hostile work environment which unreasonably interfered with the terms and conditions of Plaintiffs employment and Plaintiff performance in his job and created a religiously hostile and offensive work environment. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by inter alia the Civil Rights Act of 1991

23. By reason of the religious discrimination of Defendant, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

24. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Title VII-SEX DISCRIMINATION)

### Nature of the Action

25. KELLY brings this action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991, 42 U.S.C.A. §§ 2000e et seq., ("Title VII") venue jurisdiction under 28 U.S.C.A. § 1343 (4) and 42 U.S.C.A. § 2000e-5(f), for USPS having subjected KELLY to sexual discrimination by failure to treat him the same as other female employees despite KELLY's repeated complaints about same.

26. KELLY repeats and realleges each and every allegation set forth above with the same force and effect as more fully set forth herein.

27. KELLY, is an adult African-American man working in a sexually diverse office.

5

## FACTUAL BASIS

28. That KELLY was treated differently than other females in the application of accommodations afforded them that had similar disabilities or injuries.

29. Further, USPS by its action or actions of its' agents, caused and created a hostile work environment which unreasonably interfered with the terms and conditions of KELLYs employment and KELLY performance in his job and created a sexually hostile and offensive work environment. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by *inter alia* the Civil Rights Act of 1991.

30. USPS's violation of the Civil Rights Act of 1964 has proximately caused KELLY to suffer damage.

31. The USPS's violation of KELLY rights was willful.

32. By reason of the racial discrimination of USPS, KELLY has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

2. For injunctive relief, including but not limited to relief required to make Plaintiff whole for the losses caused by the violations of Defendant;

3. Front pay, back pay and lost benefits;

4. For compensatory damages in an amount according to proof;

5. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to

42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of

the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

6. For such other and further relief as the court deems proper.


ROBERT C. KELLY


BY: /S/ **Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith
440 W. Irving Park Road
Roselle, IL 60172
(847) 895-0626

UNITED STATES POSTAL SERVICE
EQUAL EMPLOYMENT OPPORTUNITY CASE
IN THE MATTER OF:

Robert C. Kelly
Complainant

v.

John E. Potter,
Postmaster General,
c/o Great Lakes Area Operations
Respondent.

Agency Case No.   4J-600-0077-07
EEOC Case No.   440-2008-00014X

Formal Filed:   July 7, 2007

## FINAL AGENCY DECISION

This is the final agency decision of the U.S. Postal Service regarding your complaint of discrimination identified above.  In that complaint, you alleged discrimination based on Race (African American), Religion (atheist), Sex (Male) and Physical Disability when: (1) on March 25, 2007 and June 15, 2007, you received letters from management stating your requested FMLA Certification/documentation was denied.[1]

Initially, your complaint included an additional allegation.  However, on June 23, 2007, this allegation was dismissed for failure to state a claim.  I have reviewed the record and I agree that this allegation was properly dismissed in accordance with 29 C.F.R. 1614.107.  Consequently, the June 23, 2007 decision is herein endorsed and incorporated by reference for the purpose of this final agency decision.

## CASE CHRONOLOGY

An Equal Employment Opportunity Investigator processed your complaint, and a copy of the Investigative Report was transmitted to you on September 21, 2007.  Following receipt of that report, you had 30 days in which to request a hearing before an Administrative Judge (AJ) of the Equal Employment Opportunity Commission (EEOC) or a final agency decision without a hearing.

Although you initially requested a hearing, on December 6, 2007, Administrative Judge Young B. Kim remanded your complaint to the Postal Service for the issuance of a final agency decision as you withdrew your request

---

[1] You requested in your affidavit testimony to have the purview of sex discrimination omitted from this case.  (Investigative File [IF], Affidavit A, page [p.] 9).

*Exhibit A*

Final Agency Decision
Robert C. Kelly
4J-600-0077-07
Page 2

for a hearing. Thus, this decision is being issued in compliance with the order of the Administrative Judge.

## APPLICABLE LAW

### Disparate Treatment

The United States Supreme Court established a burden-shifting framework for analyzing claims of discrimination in McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973), and subsequently refined that analysis in Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981). The McDonnell Douglas and Burdine approach involves a three-step process when a complainant alleges intentional discrimination based on a disparate treatment theory. The Equal Employment Opportunity Commission has adopted this approach in its decision making. Downing v. U.S. Postal Service, EEOC Appeal No. 01822326 (September 19, 1983); Jennings v. U.S. Postal Service, EEOC Appeal No. 01932793 (April 13, 1994); and Saenz v. Department of the Navy, EEOC Request No. 05950927 (January 9, 1998). A complainant alleging discrimination must first demonstrate that there is some substance to his or her claim. To satisfy this burden, the complainant must establish a *prima facie* case of discrimination for each of the bases of discrimination alleged by a preponderance of the evidence. Furnco, 438 U.S. at 576.

Although a complainant may establish a *prima facie* case by presenting direct evidence of discrimination, the more frequent method of establishing a *prima facie* case is through circumstantial evidence by showing that he or she: (1) belongs to a protected class; (2) was subjected to an adverse employment action; and (3) was treated differently in this regard than similarly situated individuals who were not members of the protected group. Mayberry v. Vought Aircraft Company, 55 F.3d 1086, at 1090 (5th Cir. 1995); Mitchell v. Toledo Hospital, 964 F.2d 577, at 582-83 (6th Cir. 1992). The failure to establish a specific element of a *prima facie* case may be overcome by presenting evidence of agency actions from which an inference of discrimination could be drawn if they remained unexplained. Day v. Postmaster General, EEOC Appeal No. 01996097 (September 18, 2000).

Once a *prima facie* case has been established, the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for its action. Furnco, 438 U.S. at 578. See also St. Mary's Honor Center v. Hicks, 509 U.S. 502, at 506 (1993). The employer need not persuade the trier of fact that the proffered reason was its actual motivation but merely needs to raise a genuine issue of fact as to whether it discriminated against the complainant. Burdine, 450 U.S. at 254; Keval v. Commodity Futures Trading Commission,

Final Agency Decision
Robert C. Kelly
4J-600-0077-07
Page 3

EEOC Appeal No. 01832127 (November 2, 1984); Hollis v. Department of Veterans' Affairs, EEOC Appeal No. 01934600 (May 3, 1994). If the agency offers no adequate explanation for the discrepancy in treatment between the complainant and similarly situated employees, the agency does not carry its burden of production and the complainant prevails on the basis of the inference of discrimination created by the *prima facie* case. Frady v. Postmaster General, EEOC Appeal No. 01A05317 (January 10, 2003); Houston v. Department of Veterans' Affairs, EEOC Appeal No. 01976054 (August 27, 1999); and Parker v. Postmaster General, EEOC Request No. 05900110 (April 30, 1990).

If the employer meets this burden, any presumption of discrimination created by the *prima facie* case disappears; it simply "drops from the case." Hicks, *supra*, 509 U.S. at 507; United States Postal Service Board of Governors v. Aikens, 460 U.S. 711, at 715 (1983). See also Hernandez v. Department of Transportation, EEOC Request No. 05900159 (June 28, 1990) and Peterson v. Department of Health and Human Services, EEOC Request No. 05900467 (June 8, 1990). The complainant can then prevail only if he or she proves that the employer's reasons are not only pretext but are pretext for discrimination. Hicks, 509 U.S. at 507 and 516; Nichols v. Grocer, 138 F.3d 563, at 566 (5th Cir. 1998); Swanson v. General Services Administration, 110 F.3d 1180, at 1185 (5th Cir. 1997). See also Papas v. Postmaster General, EEOC Appeal No. 01923753 (March 17, 1994) and Bradford v. Department of Defense, EEOC Appeal No. 01940712 (September 20, 1994). Thus, the complainant cannot create a factual issue of pretext based merely on personal speculation that there was discriminatory intent. Southard v. Texas Board of Criminal Justice, 114 F.3d 539, at 555 (5th Cir. 1997); Lyles v. U.S. Postal Service, EEOC Appeal No. 01A11110 (May 22, 2002); and Nathan v. U.S. Postal Service, EEOC Appeal No. 01995788 (August 29, 2001). Pretext involves more than a mistake. It means that the reason offered by management is factually baseless, is not the actual motivation for the action, or is insufficient to motivate the action. Tincher v. Wal-Mart Stores, Inc., 118 F. 3d 1125, at 1130 (7th Cir. 1997) and Morgan v. Hilti, Inc., 108 F. 3d 1319, at 1323 (10th Cir. 1997). The complainant always carries the "ultimate burden of persuading the trier of fact that he has been the victim of intentional discrimination." Burdine, 450 U.S. at 254 and Hicks, 509 U.S. at 511.

At all times, the ultimate burden of persuasion remains with the complainant. Board of Trustees of Keene College v. Sweeney, 439 U.S. 24, 25 N.2 (1978). This burden was reaffirmed and clarified in St. Mary's Honor Center v. Hicks, *id.* In Hicks, the Court held that in order to impose liability upon an employer for discriminatory employment practices, an ultimate finding of unlawful discrimination is required regardless of whether or not the employer's explanation for its action was believable. See also Brewer v. Postmaster General, EEOC Appeal No. 01941786 (June 21, 1994) and Montoya v. Department of Housing and Urban Development, EEOC Appeal No. 01940999 (August 4, 1994).

Final Agency Decision
Robert C. Kelly
4J-600-0077-07
Page 4

## Religious Discrimination

In order to establish a *prima facie* case of disparate treatment based on religion, a complainant must establish that:(1) he or she is a member of a protected class; (2) he or she was subjected to an adverse employment action; and (3) similarly situated employees outside the complainant's protected class were treated more favorably in like circumstances. Wooten v. U. S. Postal Service, EEOC Appeal No. 01980848 (February 11, 2000); Potter v. Goodwill Industries of Cleveland, 518 F. 2d 864 (6th Cir. 1975); and Furnco Construction Company v. Waters, 438 U.S. 576 (1978). A claim of religious discrimination due to disparate treatment follows the same allocation of the burdens and order of presentation of proof as in any Title VII disparate treatment claim.

In order to establish a *prima facie* case of discrimination based on a failure to accommodate religious practices or beliefs, a complainant must demonstrate by a preponderance of the evidence that he or she: (1) has a *bona fide* religious belief that conflicts with an employment requirement; (2) informed the employer of this belief and conflict; and (3) that the agency enforced the employment requirement and the complainant suffered an adverse employment action for failing to comply with the conflicting employment requirement. Green v. U. S. Postal Service, EEOC Appeal No. 01982669 (October 5, 1999) and Bishop v. Department of the Air Force, EEOC Petition No. 03970085 (September 16, 1997). See also 29 C.F.R. 1605.1 *et seq.* Equal Employment Opportunity Commission guidelines broadly define religious practice to include moral and ethical beliefs as to what is right or wrong which are sincerely held by the individual with the strength of traditional religious views. See also United States v. Seeger, 380 U.S. 164 (1965) and Welsh v. United States, 398 U.S. 333 (1970). Title VII requires an employer to provide an accommodation unless it can show that providing the accommodation would create an undue hardship. The Supreme Court has defined undue hardship in this context as any hardship which is "...more than a *de minimis* cost." Trans World Airlines v. Hardison, 432 U.S. 63 (1977). The Court also held that an employer was not required to violate the seniority provisions of a collective bargaining agreement in order to achieve an accommodation of an employee's religious beliefs.

## Similarly Situated Employees

One of the key elements of a *prima facie* case of disparate treatment based on an adverse employment action is proof that similarly situated comparison employees not in the complainant's protected class were treated more favorably. This is so, in part, because agencies are not monolithic entities. Turner v. Department of the Navy, EEOC Request No. 05900445 (September 25, 1990). In general, in the absence of direct evidence of discrimination, if the

Final Agency Decision
Robert C. Kelly
4J-600-0077-07
Page 5

complainant cannot identify any similarly situated comparison employees who were treated more favorably, he or she will not prevail. Aguilar v. U.S. Postal Service, EEOC Appeal No. 01944167 (August 8, 1995). In order for two or more employees to be considered similarly situated for the purpose of creating an inference of disparate treatment, a complainant must show that all of the relevant aspects of his or her employment situation are virtually identical to those of the other employees who he or she alleges were treated more favorably. Smith v. Monsanto Chemical Company, 770 F. 2d 719, at 723 (8th Cir. 1985); Murray v. Thistledown Racing Club, Inc., 770 F. 2d 63, at 68 (6th Cir. 1985); Nix v. WLCY Radio/Rahall Communications, 738 F. 2d 1181, at 1185 (11th Cir. 1984); Mazzella v. RCA Global Communications, Inc., 642 F. Supp. 1531, at 1547 (S.D. N.Y. 1986), aff'd. 814 F. 2d 653 (2nd Cir. 1987).   The Equal Employment Opportunity Commission has on numerous occasions ruled in similar fashion. See, for example, Tolar v. U.S. Postal Service, EEOC Appeal No. 01965083 (December 16, 1998), citing O'Neal v. U.S. Postal Service, EEOC Request No. 05910490 (July 23, 1991); and Knapp-Huffman v. Attorney General (Bureau of Prisons), EEOC Appeal No. 01991026 (January 16, 2002).  If employees have different supervisors, perform different job functions, were subject to different job standards, engaged in different conduct, or worked during different time periods, they are not similarly situated. O'Neal, Id.; Allen v. Department of the Navy, EEOC Appeal No. 05900539 (June 15, 1990); Willis v. Department of the Treasury, EEOC Appeal No. 01A51459 (March 16, 2003); and Stewart v. Department of Defense, EEOC Appeal No. 01A02890 (June 27, 2001).

## Person with a Disability

In order to assert a claim of disability discrimination, a complainant must satisfy the threshold requirement that he or she is a "person with a disability" as that term is defined in the Rehabilitation Act and Equal Employment Opportunity Commission regulations. Title 29, Code of Federal Regulations, Part 1630.2(g) defines a person with a disability as an individual who: (i) has a physical or mental impairment which substantially limits one or more of that person's major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment. See also Melahn v. Department of the Navy, EEOC Appeal No. 01832380 (October 21, 1985). Whether an individual has a disability is not based on the name or diagnosis of the impairment involved but rather the effect which that impairment has on the individual's life. Sutton et al. v. United Airlines, Inc., 527 U.S. 471, at 483 (1998). Also, the mere fact that an agency relied on a complainant's physical condition in taking a personnel action does not indicate that the agency perceived that the complainant had a substantially limiting condition. Kelly v. U.S. Postal Service, EEOC Appeal No. 01830028 (November 15, 1983). Similarly, the mere fact that an agency processed an employee's claim for benefits under the Federal Employees Compensation Act and/or granted the employee a modified work assignment in connection with that claim

Final Agency Decision
Robert C. Kelly
4J-600-0077-07
Page 6

would not prove that the agency regarded the employee as disabled. Brown v. U.S. Postal Service, EEOC Appeal No. 01990686 (February 21, 2002).

According to EEOC regulations, major life activities include, but are not limited to, caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. See 29 C.F.R. 1630.2(i). The Interpretive Appendix to the regulations also identifies sitting, standing, lifting, and reaching as other major life activities. The term "impairment" is defined broadly at 29 C.F.R. 1630.2(h) and the Commission's guidance on having a record of an impairment or being perceived as disabled appears at 29 C.F.R. 1630.2 (k) and (l). The regulations define "substantially limited" as meaning that the individual cannot perform the major life activity at all or is significantly limited in the ability to perform the activity compared to the average person in the general population. 29 C.F.R. 1630.2(j) and Toyota Motor Manufacturing of Kentucky, Inc. v. Williams, 534 U.S. 184 (2002). See also Harrison v. Department of Justice, EEOC Appeal No. 01A03948 (July 30, 2003). Courts also look to mitigating factors such as assistive devices or medication in determining whether an individual is substantially limited. Sutton; Id. Temporary or intermittent conditions are not covered. Heino v. Postmaster General, EEOC Appeal No. 01994965 (January 28, 2002); Anderson v. National Gallery of Art, EEOC Appeal No. 03910108 (September 17, 1991); and Wolfe v. Postmaster General, EEOC Appeal No. 01993796 (July 8, 2002). If the major life activity of "working" is involved, the individual must be unable to perform an entire class of jobs or a broad range of jobs within the class in order to be substantially limited. 29 C.F.R. 1630.2(j)(3). See also Webber v. Department of the Air Force, EEOC Appeal No. 01989587 (March 2, 2001).

A generalized assertion, without specific evidence to support it, that an individual is substantially limited is not sufficient to satisfy a complainant's burden of proof. Lohr v. U.S. Postal Service, EEOC Request No. 05930799 (May 19, 1994); Zeigler v. Postmaster General, EEOC Appeal No. 01930854 (May 12, 1994) and Jenkins v. Postmaster General, EEOC Appeal No. 01954572 (March 24, 1997). It is also not enough that the agency is in possession of a diagnosis, that an individual's supervisor knows that they have a particular condition, that the complainant has an approved claim with the Office of Workers Compensation Programs, or that the complainant has a percentage disability awarded by the Department of Veterans' Affairs. Black v. U.S. Postal Service, EEOC Request No. 05930748 (May 12, 1994); Pascale v. Department of the Navy, EEOC Petition No. 03850092 (March 5, 1986); Schnabele v. U.S. Postal Service, EEOC Appeal No. 01982634 (July 13, 2001); and Bono v. Postmaster General, EEOC Appeal No. 01951113 (August 11, 1997).

Final Agency Decision
Robert C. Kelly
4J-600-0077-07
Page 7

## Disability – Disparate Treatment

Courts have adopted and applied the Title VII burdens of proof to disability discrimination claims. See, for example, Norcross v. Sneed, 755 F.2d 113 (8th Cir. 1985) and Prewitt v. United States Postal Service, 662 F.2d 292 (5th Cir. 1981). The Commission has also analyzed cases under this theory. Greathouse v. Department of the Army, EEOC Appeal No. 01984880 (May 2, 2001) and Oberg v. Secretary of the Navy, EEOC Request No. 05890451 (July 20, 1989). In order to establish a *prima facie* case of disability discrimination, a complainant must prove, by a preponderance of the evidence, that he was treated differently than individuals not within his protected group, or that the agency failed to make a needed reasonable accommodation, resulting in adverse treatment of the complainant. See Session v. Helms, 751 F.2d 991, at 992-3 (9th Cir.), *cert.* denied, 474 U.S. 846 (1985). A complainant also must demonstrate a causal relationship between the disabling condition and the agency's reasons for the adverse employment action. Rideout v. Department of the Army, EEOC Appeal No. 01933866 (November 22, 1995); Mackey v. U.S. Postal Service, EEOC Appeal No. 01931771 (April 28, 1994); and Milder v. Department of Veterans' Affairs, EEOC Appeal No. 01971724 (January 15, 1999).

## PROCEDURAL AND FACTUAL BACKGROUND

At all times relevant to the issue(s) in this complaint, you were employed as a Mail Handler at the Palatine Processing and Distribution Center (P&DC), Palatine, Illinois. You have alleged that the Northern Illinois FMLA Coordinator, Cora A. Krause (Race: Caucasian, Religion: Episcopalian) intentionally discriminated against you because of your Race (African American), Religion (atheist), and Physical Disability when: (1) on March 25, 2007 and June 15, 2007, you received letters from management stating your requested FMLA Certification/documentation was denied.

You submitted FMLA documentation which was received by the FMLA Department on December 15, 2006 and March 19, 2007. (IF, Exhibit 2, pp. 1-6). You stated that you were denied this coverage because you were required to submit more than what your doctor had supplied for you. (IF, Affidavit A, pp. 7-8). You also alleged that Ms. Krause "racially profiles black employee's, denying their FMLA for any reason she can find." (IF, Affidavit A, p. 8). You were ultimately denied coverage for both of these periods. (IF, Exhibit 4, p. 1; IF, Exhibit 6, p. 1).

Final Agency Decision
Robert C. Kelly
4J-600-0077-07
Page 8

## COMPLAINANT'S *PRIMA FACIE* CASE

Race and Religion

You have failed to establish a *prima facie* case of "disparate treatment" discrimination. As stated above, in order to assert a claim of "disparate treatment" discrimination, you must first demonstrate that there is some substance to your claim. You may establish a *prima facie* case of discrimination with circumstantial evidence by showing that you: (1) belonged to a protected class; (2) were subjected to an adverse employment action; and (3) were treated differently in this regard than similarly situated individuals who were not members of the protected group. A claim of religious discrimination due to disparate treatment follows the same allocation of the burdens and order of presentation of proof as in any Title VII disparate treatment claim. While you have met the first element because of your membership in the claimed protected classes, and the second because the accepted claim of this complaint constitutes an adverse action; you have failed to establish the third requirement of a *prima facie* case of discrimination based on race and religion.

As part of your ultimate burden and to meet the third element above, you must show that your race and religion were determinative factors in the Postal Service's actions. *See* Phebis Bowens v. U.S. Postal Service, EEOC Appeal No. 01933155 (July 7, 1994). As stated above, this is generally shown when the complainant provides evidence of other similarly situated employees who are not of the same protected classes as you are claiming, were treated more favorably in similar circumstances. *See* Damisan v. Department of Veterans Affairs, EEOC Appeal No. 01943397 (January 22, 1996). You testified that Raquel Brillo (Race: Filipino, Religion: unknown); David Perry (Race: White Religion: unknown); Leslie Wisling (Sex: White Religion: unknown); and Cora Krause (Race: White Religion: unknown) were comparators treated more favorably than you. (IF, Affidavit A, p. 10).

In order to be a valid comparator, a co-worker must be similarly situated with complainant. Michelle K. Knapp-Huffman v. John Ashcroft, Attorney General, Department of Justice, (Bureau of Prisons), EEOC Appeal No. 01991026 (2002) ("In order to be considered similarly situated, the persons with whom the complainant is comparing herself must be similar in substantially all aspects, so that it would be expected that they would be treated in the same manner. Murray v. Thistledown Racing Club, Inc., 770 F.2d 63, 68 (6th Cir. 1985)" (emphasis added)). See also Nogas v. John E. Potter, Postmaster General, United States Postal Service, EEOC Appeal No. 01994718 (2002). Moreover, all relevant aspects of the employee's work situation must be identical or nearly identical, i.e., that the employees report to the same supervisor, performs the same job function, and work during the same time periods. See

Final Agency Decision
Robert C. Kelly
4J-600-0077-07
Page 9

Anderson v. Department of Treasury, EEOC Appeal No. 01A22092 (March 13, 2003); Stewart v. Department of Defense, EEOC Appeal No. 01A02890 (June 27, 2001); Jones v. United States Postal Service, EEOC Appeal No. 01983491 (April 13, 2000). The above named employees thus cannot be used as similarly situated comparators as none are in the same job function as you (most hold management positions) and furthermore, employees FMLA histories cannot be adequately compared to each other, as each is reviewed on a case by case basis. (IF, Affidavit B, p. 8; IF, Exhibit 8, pp. 1-3).

Thus, you have failed to establish a *prima facie* case of discrimination on the bases of race or religion, and as such, your claim must fail.

Physical Disability

As stated above, in order to assert a claim of disability discrimination, you must satisfy the threshold requirement that you are a disabled person as defined by the Rehabilitation Act of 1973. A person with a disability is defined as one who: (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities; (ii) has a record of having such an impairment; or (iii) is regarded as having such an impairment.

You stated in your affidavit testimony that you suffer with the effects of blunt trauma to your shoulder which required surgery as a result of a fall on a ship in 1984. (IF, Affidavit A, p. 5). However, you have provided only a general description of this condition and have not adequately described the impairments you experience and the limits of these impairments other than stating that any movement involving the left arm brings discomfort. (IF, Affidavit A, p. 6). Furthermore, this testimony does not show that these impairments render you disabled within the meaning of the Rehabilitation Act. You have claimed only general limitations from these conditions. (IF, Affidavit A, pp 29-30). While you claim that limited motion causes you pain, you do not describe the duration of the pain or in what way this incapacitates you or precludes you from performing daily life activities. (Id). You have further cited that you have trouble at times dressing yourself; buttoning your shirt; raising your arms over your head; and washing yourself; but have not supplied how often these activities are limited, the duration of these limitations, or to what extent you can compensate during these activities with your other arm. Specific events in your daily life which are limited have not been shown. An individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to daily life. See Toyota Motor Mfg. v. Williams, 534 U.S. 184 (2002).

Finally, there is no evidence that the Postal Service regarded you as disabled merely because you may possess work restrictions, qualified for FMLA at times, or have a Veterans Disability rating. A permanent Veterans Disability

Final Agency Decision
Robert C. Kelly
4J-600-0077-07
Page 10

rating is not enough on its face to perpetuate a disability under the Rehabilitation Act; you must show how these alleged disabilities substantially limit you ability to perform major life activates. Domingo v. Department of Transportation, 01986254 (June 20, 2001).

For the aforementioned reasons, you have failed to establish a *prima facie* case of disability discrimination and your claim must fail.

## MANAGEMENT'S LEGITIMATE NON-DISCRIMINATORY REASON

Even assuming, for the sake of argument only, that you are able to establish a *prima facie* case of disparate treatment discrimination, the burden then shifts to the Postal Service to articulate legitimate, nondiscriminatory reasons for its actions. Specifically, management asserted the following nondiscriminatory reasons:

Ms. Cora Krause stated your certification dated March 8, 2007 was not complete. (IF, Exhibit 3, pp. 1-6). You received a letter on March 22, 2007, detailing what deficiencies needed to be corrected and you were given ten days to correct them. (IF, Affidavit B, p. 5). Ultimately, your file was left open for an additional thirty days as you contacted your Congressman and his office also inquired into what you also needed to receive the FMLA certification. (*Id*). As you had failed to submit anything, on May 8, 2007 your case was disapproved. (IF, Exhibit 4, pp. 1-2). She further testified that any decision made regarding the approval or disapproval of FMLA is based on the documentation or lack of documentation submitted by the employee. Ms. Krause stated when she looks at an employee's FMLA certification she look at the information provided by the Health Care Provider and 29 CFR 825.306 tells her what information is required to complete a certification, if any of the information is missing, and what is considered incomplete.

Ms. Krause further stated that on April 23, 2007 and subsequent dates you requested FMLA and you were notified by letter dated June, 15, 2007, that you did not have the required 1250 work hours to qualify for the FMLA certification you requested in April and subsequent dates. (IF, Affidavit B, p. 1; IF, Exhibit 7, p. 2). Your FMLA requests for certification were properly handled in accordance with all applicable Postal Policies and Regulations.

This explanation by management for the action it took is reasonable and non-discriminatory. See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).

Final Agency Decision
Robert C. Kelly
4J-600-0077-07
Page 11

## PRETEXT

Having thus articulated the agency's legitimate, facially non-discriminatory explanation, all presumptions of discrimination now drop from the case. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 507, 125 L.Ed. 407, 113 S.Ct. 2742 (1993). The burden shifts to you to prove by a preponderance of the evidence that the agency's proffered reasons are merely a pretext for discrimination.

Pretext may be demonstrated by showing "such weaknesses, impossibilities, inconsistencies, incoherencies, or contradictions in the agency's proffered reasons for its action that a reasonable fact-finder could rationally find them unworthy of credence and then infer that the employer did not act for the asserted non-discriminatory reason. Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 (10th Cir. 1997). As you have not supplied testimony to support your claims, you offer nothing more than rank speculations and conclusory allegations. These efforts are insufficient in order to establish pretext. Morgan, supra. Your self-serving, improbable speculation and conclusions will not support any finding that you have carried this burden. See Medina-Munoz v. R.J. Reynolds, 896 F.2d 5 (1st Cir. 1990); Jones v. Gerwens, 874 F.2d 1534 (11th Cir. 1989). Your claim that Ms. Krause profiles FMLA certification applicants is not practical. At the time of her affidavit, she had over 700 FMLA certifications pending throughout the district and stated she often speaks to 30 or 50 different people daily. (IF, Affidavit B, p. 6). It is not realistic that she would know the race of the majority of the employees as it is not listed anywhere on employment forms. The actions taken by Ms. Krause were within all Postal Policies and Regulations and in accordance with the applicable union contracts.

The preponderance of the evidence clearly supports a conclusion that you have failed to establish a *prima facie* case for disparate treatment discrimination. Moreover, you have failed to submit any evidence into the record that the reasons articulated by the Agency for taking the action are not the true reasons for their decisions in these matters. Simply stated, you have not met the burden of establishing that the Agency's articulated reasons were not credible or were a pretext to mask prohibited discrimination. Finally, you have not presented any evidence to indicate that agency officials harbored a discriminatory animus towards members of your protected groups.

## CONCLUSION

After carefully considering the entire record, and applying the legal standards outlined in McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973); and Prewitt v. U.S. Postal Service, 662 F.2d 292 (5th Cir. 1981) (applying the standard to cases brought under the Rehabilitation Act); I find that you have

Final Agency Decision
Robert C. Kelly
4J-600-0077-07
Page 12

failed to prove that you were subjected to discrimination as alleged. Consequently, your case is now closed with a finding of no discrimination.

## APPEAL TO EEOC

You have the right to appeal the Postal Service's final decision to the Director, Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), P.O. Box 19848, Washington, DC 20036-9848, within 30 calendar days of your receipt of this decision. You must use Form 573, a copy of which is enclosed, in connection with your appeal. You may also deliver your appeal in person or by facsimile provided that briefs filed by facsimile are ten or fewer pages in length. Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal. Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation or brief were also submitted to the National EEO Investigative Services Office, NEEOISO – FAD, USPS, P. O. Box 21979, Tampa, FL 33622-1979. You are advised that if you file your appeal beyond the 30-day period set forth in the Commission's regulations, you should provide an explanation as to why your appeal should be accepted despite its untimeliness. If you cannot explain why your untimeliness should be excused in accordance with 29 C.F.R. 1614.604, the Commission may dismiss the appeal as untimely.

## RIGHT TO FILE A CIVIL ACTION

Alternatively, if you are dissatisfied with the Postal Service's decision in this case, you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the Postal Service's final decision, within 90 calendar days of the EEOC's final decision on any appeal, or after 180 days from the date of filing an appeal with the EEOC if no final decision has been rendered. If you choose to file a civil action, that action should be styled **Robert C. Kelly v. John E. Potter, Postmaster General**. You may also request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security. Whether these requests are granted or denied is within the sole discretion of the District Judge. Your

Final Agency Decision
Robert C. Kelly
4J-600-0077-07
Page 13

application must be filed within the same 90-day time period for filing the civil action.

_____                    _____
Rose Marie Jones                                                   Date:
EEO Services Analyst
NEEOISO
P. O. Box 21979
Tampa, FL 33622-1979

**Enclosure:** Appeal Form 573
cc:

Robert C. Kelly
PO Box 95513
Palatine, IL 60095-0513
**Delivery Confirmation No.  0307 0020 0001 8485 2024**

Kenny Reed
211 N. Kasper Avenue, #104
Arlington Heights, IL 60005-1265
**Delivery Confirmation No.  0307 0020 0001 8485 2031**

Manager, Human Resources
North Illinois District
500 East Fullerton Ave.
Carol Stream, IL 60199-9994

Law Department Attorney
Ms. Deborah W. Carlson, J.D.
United States Postal Service Law Department
222 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606-6105

Regional Manager, EEO Compliance and Appeals
Great Lakes Area
244 Knollwood Drive 2nd Floor
Bloomingdale, IL 60117-3010

# NOTICE OF APPEAL/PETITION
## TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### OFFICE OF FEDERAL OPERATIONS
P.O. Box 19848
Washington, DC 20036

**Complainant Information: (Please Print or Type)**

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | |
| Home/mailing address. | |
| City, State, ZIP Code: | |
| Daytime Telephone # (with area code): | |
| E-mail address (if any): | |

**Attorney/Representative Information (if any):**

| | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |

**General Information:**

| | |
|---|---|
| Name of the agency being charged with discrimination: | |
| Identify the Agency's complaint number: | |
| Location of the duty station or local facility in which the complaint arose: | |
| Has a final action been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | ___ Yes; Date Received _____ (Remember to attach a copy) <br> ___ No <br> ___ This appeal alleges a breach of settlement agreement. |
| Has a complaint been filed on this same matter with the EEOC, another agency, or through any other administrative or collective bargaining procedures? | ___ No <br> ___ Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |
| Has a civil action (lawsuit) been filed in connection with this complaint? | ___ No <br> ___ Yes (Attach a copy of the civil action filed) |

**NOTICE:** Please attach a copy of the final decision or order from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the EEOC Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC and with the agency within 30 days of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the EEOC at the address above.

| | |
|---|---|
| Signature of complainant/or complainant's representative: | |
| Date: | |

EEOC Form 573 REV 11/01 (page 1 of 1)