---

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT C. KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | No: 08 C 1919 |
| | ) | |
| vs. | ) | |
| | ) | **Judge Coar** |
| JOHN E. POTTER, POSTMASTER GENERAL OF | ) | |
| THE UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

---

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**INTRODUCTION**

Defendant John E. Potter, Postmaster General of the United States Postal Service ("USPS") has moved this Honorable Court to Dismiss Plaintiff's four count complaint. The First Cause of Action was for Discrimination based upon the Rehabilitation Act of 1973 and denial of FMLA Benefits; the Second Cause of Action was for Race Discrimination under Title VII of the Civil Rights Act of 1964, as amended; the Third Cause of Action was for Religious Discrimination; and the Fourth Cause of Action was for Sex Discrimination.

**STATEMENT OF THE CASE**

Defendant has argued that Plaintiff 1) lacks jurisdiction to bring this case before the court 2) failed to state a claim and 3) failed to exhaust his administrative remedies. Defendant has argued that Plaintiff is bound to the determination by the United States Merit Systems Protection Board (MSPB) in January of 2008. Defendant has structured its defense and

1

response totally over this ruling. In September of 2007, Plaintiff had filed an action with the MSPB alleging generally race discrimination and disability discrimination. (See Exhibit A) Prior to the submission to the MSPB, Plaintiff filed an action with the EEO which was shown to have taken place on June of 2007, before the MSPB filing. (See Exhibit A at 32.c Page 3) After the filing with the MSPB, the assigned MSPB Administrative Judge Nina Puglia after a withdrawal of a requested hearing by Plaintiff (Appellant), Administrative Judge Nina Puglia decided to adjudicate the matter only on the written record. There was no hearing on evidence or presentment of witnesses. On January 14, 2008, Administrative Judge Nina Puglia ruled against Plaintiff (Appellant). (See Defendant's Exhibit 1 attached to its Motion to Dismiss) The Administrative Judge listed various rights that Plaintiff (Appellant) had such as to file with the Equal Employment Opportunity Commission within *30 days* or seek Judicial Review of her decision in the United States Court within *30 days*.  Defendant seems to rely totally on Administrative Judge Nina Puglia's ruling in its Motion to Dismiss rather than the basis on which Plaintiff bring this action by the authority of a prior in time, Final Agency Decision issued on January 7, 2008 (scriber error in recording as 2007). (See Exhibit B) said decision was issued 7 days before the ruling by Administrative Judge Nina Puglia. The Final Agency Decision informed Plaintiff (Complainant) of his rights to file an Appeal with the EEOC within *30 days* or commence a suit in the U.S. District Court within *90 days* from the date he received the notice.  The issue in the Final Agency decision of January 7, 2008, were to the allegations Plaintiff (Complainant) complained of that included Race Discrimination; Religion Discrimination; Sex Discrimination and Disability Discrimination under Agency Case No. 4J-600-0077-07 and EEOC Case No. 440-2008-00014X.  Judge Young Kim had on December 6, 2007, directed Plaintiff's (Appellant's) case back to the Postal service for issuance of a final agency decision

2

thereafter the above reference Final Agency Decision was issued.

## MOTION TO DISMISS

A motion to dismiss tests the sufficiency of a complaint, not the merits of a case. See Autry v. Northwest Premium Servs., Inc., 144 F.3d 1037, 1039 (7th Cir. 1998). **[\*3]** The Court must accept all well-pleaded factual allegations in the Complaint as true, drawing all reasonable inferences from those facts in Plaintiffs' favor. See Cleveland v. Rotman, 297 F.3d 569, 571 (7th Cir. 2002). Defendants' motions to dismiss should be granted only if Plaintiffs cannot prove any set of facts in support of their claims that would entitle them to relief. Autry, 144 F.3d at 1039 (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

## ARGUMENT

### A.    Dismissal Is Improper Because A Plaintiff Is Not Required To Anticipate Affirmative Defenses

Defendant seeks to dismiss the First Cause of Action for Discrimination based upon the Rehabilitation Act of 1973 and denial of FMLA Benefits because of the ruling before the MSPB; the Second Cause of Action was for  Race Discrimination under Title VII of the Civil Rights Act of 1964, as amended because of the MSPB ruling; the Third Cause of Action for Religious Discrimination for failure to exhaust administrative duties; and the Fourth Cause of Action for Sex Discrimination for failure to exhaust administrative duties.

The term *res judicata* is an affirmative defense, and defendant bears the burden of proving that its application is appropriate in this case. *Allahar v.Zahora, 59 F.3d 693, 696 (7th Cir. 1995)*, *Cazares v. Chi. Magnesium Casting Co*., 2005 U.S. Dist. Lexis 22037 *3

(ILND No. 04 C 5976), *Cassady v. The Quaker Oats,* 2002 U.S. Lexis 22227 *5, (ILND 2002 CV 4550)

A complaint need neither anticipate nor overcome affirmative defenses such as the statute of limitations at this stage of the pleadings. *See Gomez v. Toledo, 446* U.S. *635,* 640 (1980); *Xechem, Inc. v. Bristo1-Myers Squibb Co.,* 372 F.3d *899,* 901 (7th Cir. 2004) ("[P]laintiffs need not anticipate and attempt to plead around all potential defenses"). In light of this pleading rule, the Seventh Circuit has held that it is "irregular" to dismiss a complaint as untimely under Rule 12(b) (6). *United States. v. Northern Trust Co.,* 372 F.3d 886, 888 (7th Cir. 2004). Because a complaint does not fail to state a claim simply because some defense is potentially available, the proper question a court must ask is "whether it is possible to imagine proof of the critical facts consistent with the allegations actually in the complaint." *United States Gypsum Co. v. Indiana Gas Co., Inc.,* 350 F.3d 623,626-629(7th Cir. 2003); *see also Leavell* v. *Kieffer,* I 89 F.3d *492,495* (7th Cir. 1999).

The Defendant's basic and only attack relies on the MSPB ruling and all of the issues raised therein. This argument is unsustainable. As stated above, *res judicata* or *statute of limitations* is an affirmative defense and is "rarely a good reason to dismiss under Rule 12(b)(6)." *See Moore v. Morales,* 415 F. Supp. 2d 891, 894 (N.D. Ill. 2006) (quoting *Reiser* v. *Residential Funding Corp.* 380 F.3d 1027, 1030 (7th Cir. 2004)). As the case law unequivocally demonstrates, Kelly is simply not required to anticipate any potential affirmative defenses available to USPS. *See Gomez,* 446 U.S. at 640. *See also Evans v. City of Chicago,* 2005 U.S. Dist. Lexis 1 8507 at *15 (N.D. Ill. Aug. 29, 2005) ("the statute of limitations is an affirmative defense that a plaintiff need not anticipate or

attempt to address in a complaint"). While it is possible for a plaintiff to plead himself out of court by *admitting* all of the ingredients of an "impenetrable defense," *Xechem*, 372 F.3d at 901, KELLY has not admitted to anything resembling such an "impenetrable defense," and the Defendants do not contend that he has.

Next, for *res judicata* to apply, there are three requirements that must be meet: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of cause of action; and(3) there is an identity of parties or their privies." D&K *Properties Cyrstal Lake, v. Mutual Life Insurance Company of New York*, 112 F.3d 257;  (7th Circ. 1996) *Devan Richardson, v. LaSalle Bank*, 2008 U.S. Dist. Lexis 1906.

As stated above, the MSPB Administrative Judge Nina Puglia upon the withdrawal of a requested hearing by Plaintiff (Appellant) decided to adjudicate the matter only on the written record. There was no hearing on evidence or presentment of witnesses and on January 14, 2008, Administrative Judge Nina Puglia ruled against Plaintiff (Appellant). As to the identify of issues, the MSPB allegations dealt with Race Discrimination, Rehabilitation and FMLA rights while the Final Agency Decision of January 7, 2008, were to the allegations Plaintiff (Complainant) complained of that included Race Discrimination; Religion Discrimination; Sex discrimination and Disability Discrimination under Agency Case No. 4J-600-0077-07 and EEOC Case No. 440-2008-00014X. Under a generally accepted exception to the res judicata doctrine, a litigant's claims are not precluded if the court in an earlier action expressly reserves the litigant's right to bring those claims in a later action." *Apparel Art Intern. v. Amertex Enters.,*48

F.3d 576, 586 (1st Cir. 1995); see also *Matter of Energy Co-op., Inc.,* 814 F.2d 1226 at 1233.

Last, even if *res judicata* should apply in some fashion to Plaintiff's First Cause of Action under the Rehabilitation Act and FMLA and/or Plaintiff's Second Cause of Action under Race Discrimination Title VII, the remaining counts can not be included in res judicata because they were not part of Plaintiff's MSPB filings, therefore Defendant's Motion to dismiss Count III and Court IV, should be denied on this basis alone.

**CONCLUSION**

The res judicata constitutes an affirmative defense that KELLY was not required to anticipate or address in his complaint. Based on these facts, Plaintiff, ROBERT C. KELLY, respectfully requests that this Court deny Defendant's Motion to Dismiss his First Amended Complaint. Further, in reality, the Final Agency Decision issued January 7, 2007, is the controlling factor in this matter since it was issued first.

**ROBERT C. KELLY**
**By: Michael T. Smith**
Michael T. Smith

Michael T. Smith 6180407IL
Attorney for Robert Kelly
440 W. Irving Park Road
Roselle, Illinois 60172
847-895-0626

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT C. KELLY,                            )
                                            )
                    Plaintiff,              )        No:  08 C 1919
                                            )
        vs.                                 )
                                            )        Judge Coar
JOHN E. POTTER, POSTMASTER GENERAL OF       )
THE UNITED STATES POSTAL SERVICE,           )
                                            )
                    Defendant.              )

# EXHIBIT   A

OMB NO. 3124-0009

# MERIT SYSTEMS PROTECTION BOARD



## APPEAL FORM

### INSTRUCTIONS

**GENERAL:** You do not have to use this form to file an appeal with the Board. However, if you do not, your appeal must still comply with the Board's regulations. See **5 C.F.R. Parts 1201, 1208, and 1209.** Your agency's personnel office will give you access to the regulations, and the Board will expect you to be familiar with them. You also should become familiar with the Board's key case law and controlling court decisions as they may affect your case. Complete **Parts I, II, III and V** of this form **regardless of the kind of action you are appealing.** Complete **Part VI** only if you are appealing an action resulting from a **reduction in force.** You must tell the Board if you are raising an **affirmative defense** (see **Part IV**), and **you are responsible for proving each defense you raise.** If you believe the action you are appealing was threatened, proposed, taken, or not taken because of whistleblowing activities, you must complete **Part VII.** If you are requesting a **stay,** you must complete **Part VIII.** If you claim a violation of your rights under the **Uniformed Services Employment and Reemployment Rights Act (USERRA)** or the **Veterans Employment Opportunities Act (VEOA),** you must provide the information required by the Board's regulations at **5 C.F.R. 1208.13 (for USERRA appeals)** or **5 C.F.R. 1208.23 (for VEOA appeals).** You may use a separate sheet of paper (please put your name and address at the top of each additional page) or you may include the information in block 31 of Part IV.

after the effective date, or **within 30 days after the date you receive the agency's decision, whichever is later.** However, if you and the agency mutually agree in writing to try to resolve your dispute through an **alternative dispute resolution process** before you file an appeal, you have an additional 30 days–for a total of 60 days–to file your appeal. You may not file your appeal before the effective date of the action you are appealing. If your appeal is late, it may be dismissed as untimely. If you are filing a USERRA appeal, there is no time limit for filing (see 5 CFR 1208.12). You may not file a **VEOA appeal** with the Board unless you first filed a complaint with the Secretary of Labor and allowed the Secretary at least 60 days to try to resolve the matter; any subsequent appeal to the Board must be filed within **15 days** of the date you receive notice that the Secretary has been unable to resolve the matter (see 5 C.F.R. 1208.22). If you are filing a **whistleblower appeal** after first filing a complaint with the Office of Special Counsel (OSC), your appeal must be filed within **65 days** of the date of the OSC notice advising you that the Special Counsel will not seek corrective action or within **60 days** after the date you receive the OSC notice, whichever is later (see 5 C.F.R. 1209.5). The date of filing is the date your appeal is postmarked, the date of the facsimile transmission, the date it is delivered to a commercial overnight delivery service, or the date of receipt if you personally deliver it to the regional or field office.

**WHERE TO FILE AN APPEAL:** You must file your appeal with the Board's regional or field office which has responsibility for the geographic area where your duty station was located when the agency took the action or, if you are appealing a retirement or suitability decision, the geographic area where you live. See 5 C.F.R. Part 1201, Appendix II, and 5 C.F.R. 1201.4(d).

**WHEN TO FILE AN APPEAL:** Unless your appeal is covered by a law that sets a different filing time limit, your appeal must be filed during the period **beginning with the day after the effective date,** if any, of the action you are appealing and ending **on the 30th day**

**HOW TO FILE AN APPEAL:** You may file your appeal by mail, by facsimile, by commercial overnight delivery, or by personal delivery. You must submit **two copies** of both your appeal and all attachments. You may supplement your response to any question on separate sheets of paper, but if you do, please put your name and address at the top of each additional page. All of your submissions must be legible and on 8 1/2" x 11" paper. **Your appeal must contain your or your representative's signature in block 6. If it does not, your appeal will be rejected and returned to you.** If your **representative signs block 6, you must sign block 11 or submit a separate written designation of representative.**

## Part I Appellant Identification

| | |
|---|---|
| 1. Name *(last, first, middle initial)*<br>KELLY, ROBERT C | 2. Social Security Number<br>345 60 6196 |
| 3. Present address *(number and street, city, state, and ZIP code)* You must notify the Board of any change of address or telephone number while the appeal is pending with MSPB.<br>155 KATHLEEN DR.<br>ELGIN IL 60123 | 4. Home phone *(include area code)*<br>847<br>224 535 6659 |
| | 5. Office phone *(include area code)* |

| | |
|---|---|
| 6. I certify that all of the statements made in this appeal are true, complete, and correct to the best of my knowledge and belief. | ▶ Signature of appellant or designated representative    Date signed<br><br>*Robert C. Kelly*    10 Sep 07 |

MERIT SYSTEMS PROTECTION BOARD
RECEIVED
SEP 10 2007
CENTRAL REGION
CHICAGO ILLINOIS

HAND
DELIVERED

ExhibiT A

Optional Form 283 (Rev 11/00)
MSPB
5 CFR 1201, 1208, and 1209
Page 1

## Part II Designation of Representative

7. You may represent yourself in this appeal, or you may choose someone to represent you. Your representative does not have to be an attorney. You may change your designation of a representative at a later date, if you so desire, but **you must notify the Board promptly of any change.** Where circumstances require, a separate designation of representative may be submitted after the original filing. Include the information requested in blocks 7 through 11.

"I hereby designate _____ *Self at this time* _____ to serve as my representative during the course of this appeal. I understand that my representative is authorized to act on my behalf. In addition, I specifically delegate to my representative the authority to settle this appeal on my behalf. I understand that any limitation on this settlement authority must be filed in writing with the Board."

| 8. Representative's address *(number and street, city, state, and ZIP code).* | 9. Representative's employer |
|---|---|
| | 10.a) Representative's telephone number *(include area code)* |
| | 10.b) Representative's facsimile number |
| | 11. **Appellant's signature**          Date |

## Part III Appealed Action

12. Briefly describe the **agency action** you wish to appeal and attach the proposal letter and decision letter. If you are appealing a decision relating to the denial of retirement benefits, attach a copy of OPM's **reconsideration decision.** If the relevant SF-50 or its equivalent is available, send it now; however, do NOT delay filing your appeal because of it. You may submit the SF-50 when it becomes available. Later in the proceeding, you will be afforded an opportunity to submit detailed evidence in support of your appeal.   *LETTER OF DECISION — REMOVAL*

| 13. Name and address of the agency that took the action you are appealing *(including bureau or other divisions, as well as street address, city, state and ZIP code)*  *1300 E. Northwest Hwy  Palatine, IL 60095* | 14. Your position title and duty station at the time of the action appealed  *MAIL HANDLER — FORKLIFT OPERATOR* |
|---|---|

| 15. Grade at time of the action appealed  *LEVEL 5* | 16. Salary at the time of the action appealed  *$48,000. ~~oo~~ per year* | 17. Are you a veteran and/or entitled to the employment rights of a veteran?  ☒ Yes   ☐ No |
|---|---|---|

| 18. Employment status at the time of the action appealed  ☐ Temporary  ☐ Applicant  ☐ Retired  ☒ Permanent  ☐ Term  ☐ Seasonal | 19. If retired, date of retirement *(month, day, year)*  *N/A* | 20. Type of service  ☐ Competitive  ☐ SES  ☐ Excepted  ☒ Postal Service  ☐ Foreign Service |
|---|---|---|

| 21. Length of government service  *Dec 92* | 22. Length of service with acting agency  *15 yrs* | 23. Were you serving a probationary or trial period at the time of the action appealed?  ☐ Yes   ☒ No |
|---|---|---|

| 24. Date you received written notice of the proposed action *(month, day, year) (attach a copy)*  *23 Jun 07* | 25. Date you received the final decision notice *(month, day, year) (attach a copy)*  *8 Sep 07* | 26. Effective date of the action appealed *(month, day, year)*  *15 Sep 07* |
|---|---|---|

Optional Form 283 (Rev 11/00)

**27. Explain briefly why you think the agency was wrong in taking this action.** MyPSFORM 50 SHows ON LINE 21. I am Vet. with Disablity. As I try to seek treatment For my INJuries. AND I try to Recouperate From the treatment NEED some timeoff.
(SEE Attached)

| 28. Do you believe the penalty imposed by the agency was too harsh? | 29. What action would you like the Board to take on this case (i.e., what remedy are you asking for)? Reinstatement ME, comply with CFR 29-Chapter 28 Sec. 2613 |
|---|---|
| ☒ Yes    ☐ No | |

## Part IV Appellant's Defenses

| 30.a) Do you believe the agency committed harmful procedural error(s)? | 30.b) If so, what is (are) the error(s)? Title 29 chapter Sec 2613 CertiFicaton Sufficient Certification. |
|---|---|
| ☒ Yes    ☐ No | |

**30.c) Explain how you were harmed by the error(s).** It has been a burden for a few yes. AND this Past Spring I was Forced to seek treatment FROM A mental HEALTH Doctor. I ALSO Have A DENIED FMLA FORM

**Block 31 – Violations of Law:** If you use this block to claim a violation of your rights under USERRA or VEOA, you must include the information required by the Board's regulations at 5 C.F.R. 1208.13 (for USERRA appeals) or 5 C.F.R. 1208.23 (for VEOA appeals). DO NOT use this block to claim a violation of the Whistleblower Protection Act; instead, complete Part VII and, if you are also requesting a stay, Part VIII.

| 31.a) Do you believe that the action you are appealing violated the law? | 31.b) If so, what law? My PS FORM 50, Executive ORDRE 5396, Reasonable Accommodation additional Protection |
|---|---|
| ☒ Yes    ☐ No | |

**31.c) How was it violated?** THE ELM WAS OVER LOOKED, AND I HAVE A SIGN STATEMENT FROM A SupERVISOR citing Procedural error

**32.a)** If you believe you were discriminated against by the agency, **in connection with the matter appealed**, because of your race, color, religion, sex, national origin, marital status, political affiliation, disability, or age, indicate so and explain why you believe it to be true.
"RACE" is A Factor, I was once a Shop Steward AND ALWAys saw the ~~racial~~ Strongest punishment being giving to AFRICAN-AmericANS

| 32.b) Have you filed a **formal** discrimination complaint with your agency or any other agency concerning the matter which you are seeking to appeal? | ☒ Yes (attach a copy)    ☒ No |
|---|---|

| 32.c) If yes, place filed (agency, number and street, city, state, and ZIP code) EEO 500 E. Fullerton CAROL Stream, IL 60188 | 32.d) Date filed (month, day, year) Jun 07 |
|---|---|
| | 32.e) Has a decision been issued? ☐ Yes (attach a copy)    ☒ No |

**33.a)** Have you, or anyone in your behalf, filed a formal grievance with your agency concerning this matter, under a negotiated grievance procedure provided by a collective bargaining agreement?

☐ Yes *(attach a copy)*    ☒ No

**33.b)** Date filed *(month, day, year)*

**33.c)** If yes, place filed *(agency, number and street, city, state, and ZIP code)*

**33.d)** Has a decision been issued?

☐ Yes *(attach a copy)*    ☐ No

**33.e)** If yes, date issued *(month, day, year)*

## Part V Hearing

**34.** You may have a right to a hearing on this appeal. If you do not want a hearing, the Board will make its decision on the basis of the documents you and the agency submit, after providing you and the agency with an opportunity to submit additional documents.

**Do you want a hearing?**    ☒ Yes    ☐ No

If you choose to have a hearing, the Board will notify you where and when it is to be held.

## Part VI Reduction In Force

### INSTRUCTIONS

**Fill out this part only if you are appealing from a Reduction in Force.** Your agency's personnel office can furnish you with most of the information requested below.

| 35. Retention group and sub-group | 36. Service computation date | 37.a) Has your agency offered you another position rather than separating you? |
| --- | --- | --- |
| | | ☐ Yes    ☐ No |

| 37.b) Title of position offered | 37.c) Grade of position offered | 37.d) Salary of position offered |
| --- | --- | --- |
| | | $          per |

| 37.e) Location of position offered | 37.f) Did you accept this position? |
| --- | --- |
| | ☐ Yes    ☐ No |

**38.** Explain why you think you should not have been affected by the Reduction In Force. *(Explanations could include: you were placed in the wrong retention group or sub-group; an error was made in the computation of your service computation date; competitive area was too narrow; improperly reached for separation from competitive level; an exception was made to the regular order of selection; the required number of days notice was not given; you believe you have assignment [bump or retreat] rights; or any other reasons. Please provide as much information as possible regarding each reason.)*

## Part VII Whistleblowing Activity

### INSTRUCTIONS

**Complete Parts VII and VIII of this form only if you believe the action you are appealing is based on whistleblowing activities. If you filed a complaint with the Office of Special Counsel (OSC) using Form OSC-11 (8/00) before filing this appeal, you may attach a copy of Part 2, Reprisal for Whistleblowing, of the OSC form together with any continuation sheet or supplement filed with OSC. This will give the Board the information requested in blocks 39(a) through (c) below. Please complete the other blocks in this part even if you attach Form OSC-11.**

| 39.a) Have you disclosed information that evidences a violation of any law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health or safety? <br><br> ☐ Yes *(attach a copy or summary of disclosure)*  ☐ No | 39.b) If yes, provide the name, title, and office address of the person to whom the disclosure was made |
|---|---|

**39.c) Date the disclosure was made** *(month, day, year)*

**40. If you believe the action you are appealing was...** *(please check appropriate box)*

☐ *Threatened*    ☐ *Proposed*    ☐ *Taken*    ☐ *Not Taken*

...because of a disclosure evidencing a violation of any law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health or safety, provide:

a) a chronology of facts concerning the action appealed; and

b) explain why you believe the action was based on whistleblowing activity and attach a copy of any documentary evidence

| 41. a) Have you sought corrective action from the Office of Special Counsel concerning the action which you are appealing? <br><br> ☐ Yes *(attach a copy of your request to the Office of Special Counsel for corrective action)*    ☐ No | 41. b) If yes, date(s) filed *(month, day, year)* |
|---|---|

**41. c) Place filed** *(location, number and street, city, state, and ZIP code)*

42. Have you received a written notice of your right to file this appeal from the Office of Special Counsel?

☐ *Yes (attach a copy)*    ☐ *No*

43.a) Have you already requested a stay from the Board of the action you are seeking to appeal?

☐ *Yes (attach a copy)*    ☐ *No*

43.b) If yes, date requested *(month, day, year)*

43.c) Place filed *(location, number and street, city, state, and ZIP code)*

43.d) Has there been a decision?

☐ *Yes (attach a copy)*    ☐ *No*

## Part VIII Stay Request

### INSTRUCTIONS

You may request a stay of a personnel action allegedly based on whistleblowing at any time after you become eligible to file an appeal with the Board under 5 C.F.R. 1209.5, but no later than the time limit set for the close of discovery in the appeal. The stay request may be filed prior to, simultaneous with, or after the filing of an appeal. When you file a stay request with the Board, you must simultaneously serve it upon the agency's local servicing personnel office or the agency's designated representative. 5 C.F.R 1209.8.

If your stay request is being filed prior to filing an appeal with the Board, you must complete Parts I and II and items 41 through 43 above.

44. On separate sheets of paper, please provide the following. Please put your name and address at the top of each page.

a. A chronology of facts, including a description of the disclosure and the action taken by the agency (unless you have already supplied this information in Part VII above).

b. Evidence and/or argument demonstrating that the:

(1) action threatened, proposed, taken, or not taken is a personnel action, as defined in 5 C.F.R. 1209.4(a); and

(2) action complained of was based on whistleblowing, as defined in 5 C.F.R. 1209.4(b) (unless you have already supplied this information in Part VII above).

c. Evidence and/or argument demonstrating that there is a substantial likelihood that you will prevail on the merits of your appeal of the personnel action.

d. Documentary evidence that supports your stay request.

e. Evidence and/or argument addressing how long the stay should remain in effect.

f. Certificate of service specifying how and when the stay request was served on the agency.

g. You **may** provide evidence and/or argument concerning whether a stay would impose extreme hardship on the agency.

***Privacy Act Statement:*** *This form requests personal information which is relevant and necessary to reach a decision in your appeal. The Merit Systems Protection Board collects this information in order to process appeals under its statutory and regulatory authority. Since your appeal is a voluntary action you are not required to provide any personal information in connection with it. However, failure to supply the Merit Systems Protection Board with all the information essential to reach a decision in your case could result in the rejection of your appeal.*

*The Merit Systems Protection Board is authorized under provisions of Executive Order 9397, dated November 22, 1943, to request your Social Security number, but providing your Social Security number is voluntary and failure to provide it will not result in the rejection of your appeal. Your Social Security number will only be used for identification purposes in the processing of your appeal.*

*You should know that the decisions of the Merit Systems Protection Board on appeals are final administrative decisions and, as such, are available to the public under the provisions of the Freedom of Information Act. Additionally, it is possible that information contained in your appeal file may be released as required by the Freedom of Information Act. Some information about your appeal will also be used in depersonalized form as a data base for program statistics.*

***Public Reporting Burden:*** *The public reporting burden for this collection of information is estimated to vary from 20 minutes to 1 hour, with an average of 30 minutes per response, including time for reviewing the form, searching existing data sources, gathering the data necessary, and completing and reviewing the collection of information. Send comments regarding the burden estimate or any other aspect of the collection of information, including suggestions for reducing this burden, to Financial and Administrative Management, Merit Systems Protection Board, 1615 M Street, NW., Washington, DC 20419.*

I have Sub_HED SEVERAL FMLA FORMS

et (WH 380) FOR additional PROTECTION by

EACH AND EVERYtime I HAVE went thru

the PROCESS ① VISts to the Doctor (which is more time
of the Chock

② THE FORMS aRE ALWAYS
~~ceetain~~ to be DENIED.

③ Each FoRM I have
Submitted I HAD to vist
the Doctor office 2 oR 3
times because I FAMiLy
MEDICAL LEAVE cooRDiNAtoR
~~see~~ Says "THE FORM IS INcom-
p.lete.

management Sees my attendance is not
Covered by FMLA PRotection which. I FEEL
I AM ENtitLED to UNDER "Reasonable
AccommoDation (Pub 317)"

Question. 32 I HAVE FILED a EEO complaint
FoR my PROPOSAL to ReMoVE. ANO NOT
the "Letter oF DECISION"

MERIT SYSTEMS PROTECTION BOARD
RECEIVED
SEP 10 2007
CENTRAL REGION
CHICAGO, ILLINOIS

HAND
DELIVERED

PALATINE P&DC 60095-9998

SEPTEMBER 8, 2007

TO:  Robert Kelly
      Full Time Mail Handler
      SSN: 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
      Palatine P&DC

SUBJECT: Letter of Decision – Removal

On June 23, 2007, you were issued a notice proposing to remove you from the Postal Service based on the charge of **FAILURE TO MAINTAIN A REGULAR SCHEDULE,**. Records show the notice was received by you on June 23, 2007.

The notice provided you ten days to respond either orally or in writing.  I note you did respond to the notice in person.  I have given full consideration to all evidence of record as well as all information supplied by you when we met. Based on that meeting I informed you in writing on July 16, 2007 that I would grant you an additional 45 day period to submit acceptable FMLA documentation to cover the absences cited in your **Notice of Proposed Removal** issued on June 23, 2007. As of this date you have failed to supply the required acceptable documentation.

After careful review of said evidence and after consideration of your years of service, as well as all of the relevant factors enumerated by the Board in Douglas vs. V.A., I have determined that your removal was proper, warranted, and fully supported by the evidence in the record.

I have reached this conclusion for several reasons. The Postal Service, per the provisions of Employee Labor Relations Manual (ELM) 665.41, requires its employees to be regular in attendance. The Notice of Proposed Removal issued to you on June 23, 2007 cites 26 unscheduled absences totaling over 217 hours of unscheduled leave. Of those hours 80 are charged to **Absence Without Official Leave (AWOL)** which in itself violates ELM 665.42 and would be of sufficient seriousness to warrant your removal from the Postal Service. Finally I have relied upon your extensive disciplinary history, which includes a Letter of Warning, Seven and Fourteen Day Suspensions, and two (2) Last Chance Agreements, to determine that you are no longer a good candidate for continued employment with the Postal Service.

Although I have considered lesser forms of discipline, to date, neither you and/or your representative have provided any information which might mitigate the penalty proposed for your action of **Failure To Maintain A Regular Schedule.** As previously stated, I find that the charges are supported by the evidence and that the penalty is appropriate.

MERIT SYSTEMS PROTECTION BOARD
RECEIVED
SEP 1 0 2007
CENTRAL REGION
CHICAGO, ILLINOIS

**Your removal will be effective Saturday, September 15, 2007.**

Upon receipt of this Letter of Decision you will be placed in an off duty status (with pay) until the effective date of your removal.

As a preference eligible, you have a right to appeal this decision in writing to the Merit Systems Protection Board (MSPB), 230 S. Dearborn St., Chicago, Illinois, 60604-1669, within thirty (30) calendar days from the effective date of this decision. Further, if you and the Postal Service mutually agree in writing to attempt to resolve this matter through an alternative dispute resolution process prior to your filing an appeal with the MSPB, the time limit for filing an appeal with the MSPB is extended by an additional thirty (30) days, for a total of (60) days. If you are interested in the alternative dispute resolution process, you should contact the Northern Illinois District's Labor Relations Department, located at 500 E. Fullerton, Carol Stream Illinois, Monday through Friday between the hours of 8:00 a.m. and 4:00 p.m., at (630) 260-5160.

If you believe that the action is based in whole or in part on discrimination, you have the option of filing an appeal with the MSPB or filing an EEO complaint with the Postal Service, but not both. Before filing an EEO complaint, you must bring the matter to the attention of the Postal Service EEO Department, Northern Illinois District, 500 E. Fullerton Avenue, Carol Stream, IL, within 45 calendar days of the effective date of this decision. The EEO complaint will be processed pursuant to the appropriate regulations (29 CFR Section 1614.302 through 1614.310). You are not entitled to a hearing by the Equal Employment Opportunity Commission (EEOC). You may, however, request a hearing by the MSPB after the Postal Service has rendered a decision on your EEO complaint or after 120 calendar days from filing your complaint, whichever occurs first. If you appeal to the MSPB, your appeal should state whether you do or do not wish a hearing and you should furnish me a copy of your appeal. For further information on appeals procedures, contact the Labor Relations Department, U.S. Postal Service, Northern Illinois District at 630-260-5160. Attached for your reference are a copy of the MSPB regulations and a copy of the appeal form.

If you appeal this action you will remain on the rolls, but in a non-pay, non-duty status after the effective date of this action until disposition of your case has been reached either by settlement, or through exhaustion of your administrative remedies.

For a grievance to be timely filed in accordance with Article 15 of the National Agreement, it must be presented within 14 days of the receipt of the proposed action. You have the right to file an MSPB appeal and a grievance on the same matter. However, if the MSPB issues a decision on the merits of your appeal, if an MSPB hearing begins, if the MSPB closes the record after you request a decision without a hearing, or if you settle the MSPB appeal you will be deemed to have waived access to arbitration. Further, if you have an MSPB appeal pending and the union appeals your grievance to arbitration, or if you appeal to the MSPB after the grievance has been appealed to arbitration, you will be deemed to have waived access to arbitration. If you appeal to the MSPB, please provide me a copy of your appeal.

If this action is reversed or modified on appeal by the Merit Systems Protection Board or through the Equal Employment Opportunity appeals process, back pay may be allowed in accordance with 5 CFR §§ 550.801, et. seq., as applicable, unless the award or decision specifies otherwise.

If this action is reversed or modified in arbitration, back pay may be allowed, unless the award specifies otherwise, only if you have made reasonable efforts to obtain alternate employment during the potential back pay period. The documentation which you must maintain and present to support a back pay claim is described in Part 436 of the Employee and Labor Relations Manual.


Danny Brackett
A/Senior Manager Distribution Operations
Palatine P&DC


Attachments: MSPB Regulations
MSPB Appeal Form
ELM part 436

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT C. KELLY,                          )
                                          )
                    Plaintiff,            )        No:  08 C 1919
                                          )
        vs.                               )
                                          )        Judge Coar
JOHN E. POTTER, POSTMASTER GENERAL OF     )
THE UNITED STATES POSTAL SERVICE,         )
                                          )
                    Defendant.            )

# EXHIBIT   B

**EQUAL EMPLOYMENT OPPORTUNITY CASE**
**IN THE MATTER OF:**

Robert C. Kelly
Complainant

v.

John E. Potter,
Postmaster General,
c/o Great Lakes Area Operations
Respondent.

Agency Case No.   4J-600-0077-07
EEOC Case No.   440-2008-00014X

Formal Filed:   July 7, 2007

## FINAL AGENCY DECISION

This is the final agency decision of the U.S. Postal Service regarding your complaint of discrimination identified above. In that complaint, you alleged discrimination based on Race (African American), Religion (atheist), Sex (Male) and Physical Disability when: (1) on March 25, 2007 and June 15, 2007, you received letters from management stating your requested FMLA Certification/documentation was denied.[1]

Initially, your complaint included an additional allegation. However, on June 23, 2007, this allegation was dismissed for failure to state a claim. I have reviewed the record and I agree that this allegation was properly dismissed in accordance with 29 C.F.R. 1614.107. Consequently, the June 23, 2007 decision is herein endorsed and incorporated by reference for the purpose of this final agency decision.

## CASE CHRONOLOGY

An Equal Employment Opportunity Investigator processed your complaint, and a copy of the Investigative Report was transmitted to you on September 21, 2007. Following receipt of that report, you had 30 days in which to request a hearing before an Administrative Judge (AJ) of the Equal Employment Opportunity Commission (EEOC) or a final agency decision without a hearing.

Although you initially requested a hearing, on December 6, 2007, Administrative Judge Young B. Kim remanded your complaint to the Postal Service for the issuance of a final agency decision as you withdrew your request

---

[1] You requested in your affidavit testimony to have the purview of sex discrimination omitted from this case. (Investigative File [IF], Affidavit A, page [p.] 9).

*EXhibiT B*

Final Agency Decision
Robert C. Kelly
4J-600-0077-07
Page 2

for a hearing. Thus, this decision is being issued in compliance with the order of the Administrative Judge.

## APPLICABLE LAW

### Disparate Treatment

The United States Supreme Court established a burden-shifting framework for analyzing claims of discrimination in McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973), and subsequently refined that analysis in Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981). The McDonnell Douglas and Burdine approach involves a three-step process when a complainant alleges intentional discrimination based on a disparate treatment theory. The Equal Employment Opportunity Commission has adopted this approach in its decision making. Downing v. U.S. Postal Service, EEOC Appeal No. 01822326 (September 19, 1983); Jennings v. U.S. Postal Service, EEOC Appeal No. 01932793 (April 13, 1994); and Saenz v. Department of the Navy, EEOC Request No. 05950927 (January 9, 1998). A complainant alleging discrimination must first demonstrate that there is some substance to his or her claim. To satisfy this burden, the complainant must establish a *prima facie* case of discrimination for each of the bases of discrimination alleged by a preponderance of the evidence. Furnco, 438 U.S. at 576.

Although a complainant may establish a *prima facie* case by presenting direct evidence of discrimination, the more frequent method of establishing a *prima facie* case is through circumstantial evidence by showing that he or she: (1) belongs to a protected class; (2) was subjected to an adverse employment action; and (3) was treated differently in this regard than similarly situated individuals who were not members of the protected group. Mayberry v. Vought Aircraft Company, 55 F.3d 1086, at 1090 (5th Cir. 1995); Mitchell v. Toledo Hospital, 964 F.2d 577, at 582-83 (6th Cir. 1992). The failure to establish a specific element of a *prima facie* case may be overcome by presenting evidence of agency actions from which an inference of discrimination could be drawn if they remained unexplained. Day v. Postmaster General, EEOC Appeal No. 01996097 (September 18, 2000).

Once a *prima facie* case has been established, the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for its action. Furnco, 438 U.S. at 578. See also St. Mary's Honor Center v. Hicks, 509 U.S. 502, at 506 (1993). The employer need not persuade the trier of fact that the proffered reason was its actual motivation but merely needs to raise a genuine issue of fact as to whether it discriminated against the complainant. Burdine, 450 U.S. at 254; Keval v. Commodity Futures Trading Commission,

Final Agency Decision
Robert C. Kelly
4J-600-0077-07
Page 3

EEOC Appeal No. 01832127 (November 2, 1984); Hollis v. Department of Veterans' Affairs, EEOC Appeal No. 01934600 (May 3, 1994). If the agency offers no adequate explanation for the discrepancy in treatment between the complainant and similarly situated employees, the agency does not carry its burden of production and the complainant prevails on the basis of the inference of discrimination created by the *prima facie* case. Frady v. Postmaster General, EEOC Appeal No. 01A05317 (January 10, 2003); Houston v. Department of Veterans' Affairs, EEOC Appeal No. 01976054 (August 27, 1999); and Parker v. Postmaster General, EEOC Request No. 05900110 (April 30, 1990).

If the employer meets this burden, any presumption of discrimination created by the *prima facie* case disappears; it simply "drops from the case." Hicks, *supra,* 509 U.S. at 507; United States Postal Service Board of Governors v. Aikens, 460 U.S. 711, at 715 (1983). See also Hernandez v. Department of Transportation, EEOC Request No. 05900159 (June 28, 1990) and Peterson v. Department of Health and Human Services, EEOC Request No. 05900467 (June 8, 1990). The complainant can then prevail only if he or she proves that the employer's reasons are not only pretext but are pretext for discrimination. Hicks, 509 U.S. at 507 and 516; Nichols v. Grocer, 138 F.3d 563, at 566 (5th Cir. 1998); Swanson v. General Services Administration, 110 F.3d 1180, at 1185 (5th Cir. 1997). See also Papas v. Postmaster General, EEOC Appeal No. 01923753 (March 17, 1994) and Bradford v. Department of Defense, EEOC Appeal No. 01940712 (September 20, 1994). Thus, the complainant cannot create a factual issue of pretext based merely on personal speculation that there was discriminatory intent. Southard v. Texas Board of Criminal Justice, 114 F.3d 539, at 555 (5th Cir. 1997); Lyles v. U.S. Postal Service, EEOC Appeal No. 01A11110 (May 22, 2002); and Nathan v. U.S. Postal Service, EEOC Appeal No. 01995788 (August 29, 2001). Pretext involves more than a mistake. It means that the reason offered by management is factually baseless, is not the actual motivation for the action, or is insufficient to motivate the action. Tincher v. Wal-Mart Stores, Inc., 118 F. 3d 1125, at 1130 (7th Cir. 1997) and Morgan v. Hilti, Inc., 108 F. 3d 1319, at 1323 (10th Cir. 1997). The complainant always carries the "ultimate burden of persuading the trier of fact that he has been the victim of intentional discrimination." Burdine, 450 U.S. at 254 and Hicks, 509 U.S. at 511.

At all times, the ultimate burden of persuasion remains with the complainant. Board of Trustees of Keene College v. Sweeney, 439 U.S. 24, 25 N.2 (1978). This burden was reaffirmed and clarified in St. Mary's Honor Center v. Hicks, *Id.* In Hicks, the Court held that in order to impose liability upon an employer for discriminatory employment practices, an ultimate finding of unlawful discrimination is required regardless of whether or not the employer's explanation for its action was believable. See also Brewer v. Postmaster General, EEOC Appeal No. 01941786 (June 21, 1994) and Montoya v. Department of Housing and Urban Development, EEOC Appeal No. 01940999 (August 4, 1994).

Final Agency Decision
Robert C. Kelly
4J-600-0077-07
Page 4

## Religious Discrimination

In order to establish a *prima facie* case of disparate treatment based on religion, a complainant must establish that:(1) he or she is a member of a protected class; (2) he or she was subjected to an adverse employment action; and (3) similarly situated employees outside the complainant's protected class were treated more favorably in like circumstances. Wooten v. U. S. Postal Service, EEOC Appeal No. 01980848 (February 11, 2000); Potter v. Goodwill Industries of Cleveland, 518 F. 2d 864 (6th Cir. 1975); and Furnco Construction Company v. Waters, 438 U.S. 576 (1978). A claim of religious discrimination due to disparate treatment follows the same allocation of the burdens and order of presentation of proof as in any Title VII disparate treatment claim.

In order to establish a *prima facie* case of discrimination based on a failure to accommodate religious practices or beliefs, a complainant must demonstrate by a preponderance of the evidence that he or she: (1) has a *bona fide* religious belief that conflicts with an employment requirement; (2) informed the employer of this belief and conflict; and (3) that the agency enforced the employment requirement and the complainant suffered an adverse employment action for failing to comply with the conflicting employment requirement. Green v. U. S. Postal Service, EEOC Appeal No. 01982669 (October 5, 1999) and Bishop v. Department of the Air Force, EEOC Petition No. 03970085 (September 16, 1997). See also 29 C.F.R. 1605.1 *et seq.* Equal Employment Opportunity Commission guidelines broadly define religious practice to include moral and ethical beliefs as to what is right or wrong which are sincerely held by the individual with the strength of traditional religious views. See also United States v. Seeger, 380 U.S. 164 (1965) and Welsh v. United States, 398 U.S. 333 (1970). Title VII requires an employer to provide an accommodation unless it can show that providing the accommodation would create an undue hardship. The Supreme Court has defined undue hardship in this context as any hardship which is "...more than a *de minimis* cost." Trans World Airlines v. Hardison, 432 U.S. 63 (1977). The Court also held that an employer was not required to violate the seniority provisions of a collective bargaining agreement in order to achieve an accommodation of an employee's religious beliefs.

## Similarly Situated Employees

One of the key elements of a *prima facie* case of disparate treatment based on an adverse employment action is proof that similarly situated comparison employees not in the complainant's protected class were treated more favorably. This is so, in part, because agencies are not monolithic entities. Turner v. Department of the Navy, EEOC Request No. 05900445 (September 25, 1990). In general, in the absence of direct evidence of discrimination, if the

Final Agency Decision
Robert C. Kelly
4J-600-0077-07
Page 5

complainant cannot identify any similarly situated comparison employees who were treated more favorably, he or she will not prevail. Aguilar v. U.S. Postal Service, EEOC Appeal No. 01944167 (August 8, 1995). In order for two or more employees to be considered similarly situated for the purpose of creating an inference of disparate treatment, a complainant must show that all of the relevant aspects of his or her employment situation are virtually identical to those of the other employees who he or she alleges were treated more favorably. Smith v. Monsanto Chemical Company, 770 F. 2d 719, at 723 (8th Cir. 1985); Murray v. Thistledown Racing Club, Inc., 770 F. 2d 63, at 68 (6th Cir. 1985); Nix v. WLCY Radio/Rahall Communications, 738 F. 2d 1181, at 1185 (11th Cir. 1984); Mazzella v. RCA Global Communications, Inc., 642 F. Supp. 1531, at 1547 (S.D. N.Y. 1986), aff'd. 814 F. 2d 653 (2nd Cir. 1987). The Equal Employment Opportunity Commission has on numerous occasions ruled in similar fashion. See, for example, Tolar v. U.S. Postal Service, EEOC Appeal No. 01965083 (December 16, 1998), citing O'Neal v. U.S. Postal Service, EEOC Request No. 05910490 (July 23, 1991); and Knapp-Huffman v. Attorney General (Bureau of Prisons), EEOC Appeal No. 01991026 (January 16, 2002). If employees have different supervisors, perform different job functions, were subject to different job standards, engaged in different conduct, or worked during different time periods, they are not similarly situated. O'Neal, Id.; Allen v. Department of the Navy, EEOC Appeal No. 05900539 (June 15, 1990); Willis v. Department of the Treasury, EEOC Appeal No. 01A51459 (March 16, 2003); and Stewart v. Department of Defense, EEOC Appeal No. 01A02890 (June 27, 2001).

## Person with a Disability

In order to assert a claim of disability discrimination, a complainant must satisfy the threshold requirement that he or she is a "person with a disability" as that term is defined in the Rehabilitation Act and Equal Employment Opportunity Commission regulations. Title 29, Code of Federal Regulations, Part 1630.2(g) defines a person with a disability as an individual who: (i) has a physical or mental impairment which substantially limits one or more of that person's major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment. See also Melahn v. Department of the Navy, EEOC Appeal No. 01832380 (October 21, 1985). Whether an individual has a disability is not based on the name or diagnosis of the impairment involved but rather the effect which that impairment has on the individual's life. Sutton et al. v. United Airlines, Inc., 527 U.S. 471, at 483 (1998). Also, the mere fact that an agency relied on a complainant's physical condition in taking a personnel action does not indicate that the agency perceived that the complainant had a substantially limiting condition. Kelly v. U.S. Postal Service, EEOC Appeal No. 01830028 (November 15, 1983). Similarly, the mere fact that an agency processed an employee's claim for benefits under the Federal Employees Compensation Act and/or granted the employee a modified work assignment in connection with that claim

Final Agency Decision
Robert C. Kelly
4J-600-0077-07
Page 6

would not prove that the agency regarded the employee as disabled. <u>Brown v. U.S. Postal Service</u>, EEOC Appeal No. 01990686 (February 21, 2002).

According to EEOC regulations, major life activities include, but are not limited to, caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.  See 29 C.F.R. 1630.2(i).  The Interpretive Appendix to the regulations also identifies sitting, standing, lifting, and reaching as other major life activities.  The term "impairment" is defined broadly at 29 C.F.R. 1630.2(h) and the Commission's guidance on having a record of an impairment or being perceived as disabled appears at 29 C.F.R. 1630.2 (k) and (l).  The regulations define "substantially limited" as meaning that the individual cannot perform the major life activity at all or is significantly limited in the ability to perform the activity compared to the average person in the general population.  29 C.F.R. 1630.2(j) and <u>Toyota Motor Manufacturing of Kentucky, Inc. v. Williams</u>, 534 U.S. 184 (2002).  See also <u>Harrison v. Department of Justice</u>, EEOC Appeal No. 01A03948 (July 30, 2003).  Courts also look to mitigating factors such as assistive devices or medication in determining whether an individual is substantially limited.  <u>Sutton</u>, <i>Id.</i>  Temporary or intermittent conditions are not covered.  <u>Heino v. Postmaster General</u>, EEOC Appeal No. 01994965 (January 28, 2002); <u>Anderson v. National Gallery of Art</u>, EEOC Appeal No. 03910108 (September 17, 1991); and <u>Wolfe v. Postmaster General</u>, EEOC Appeal No. 01993796 (July 8, 2002).  If the major life activity of "working" is involved, the individual must be unable to perform an entire class of jobs or a broad range of jobs within the class in order to be substantially limited.  29 C.F.R. 1630.2(j)(3).  See also <u>Webber v. Department of the Air Force</u>, EEOC Appeal No. 01989587 (March 2, 2001).

A generalized assertion, without specific evidence to support it, that an individual is substantially limited is not sufficient to satisfy a complainant's burden of proof.  <u>Lohr v. U.S. Postal Service</u>, EEOC Request No. 05930799 (May 19, 1994); <u>Zeigler v. Postmaster General</u>, EEOC Appeal No. 01930854 (May 12, 1994) and <u>Jenkins v. Postmaster General</u>, EEOC Appeal No. 01954572 (March 24, 1997).  It is also not enough that the agency is in possession of a diagnosis, that an individual's supervisor knows that they have a particular condition, that the complainant has an approved claim with the Office of Workers Compensation Programs, or that the complainant has a percentage disability awarded by the Department of Veterans' Affairs.  <u>Black v. U.S. Postal Service</u>, EEOC Request No. 05930748 (May 12, 1994); <u>Pascale v. Department of the Navy</u>, EEOC Petition No. 03850092 (March 5, 1986); <u>Schnabele v. U.S. Postal Service</u>, EEOC Appeal No. 01982634 (July 13, 2001); and <u>Bono v. Postmaster General</u>, EEOC Appeal No. 01951113 (August 11, 1997).

Final Agency Decision
Robert C. Kelly
4J-600-0077-07
Page 7

## Disability – Disparate Treatment

Courts have adopted and applied the Title VII burdens of proof to disability discrimination claims.  See, for example, <u>Norcross v. Sneed</u>, 755 F.2d 113 (8th Cir. 1985) and <u>Prewitt v. United States Postal Service</u>, 662 F.2d 292 (5th Cir. 1981).  The Commission has also analyzed cases under this theory.  <u>Greathouse v. Department of the Army</u>, EEOC Appeal No. 01984880 (May 2, 2001) and <u>Oberg v. Secretary of the Navy</u>, EEOC Request No. 05890451 (July 20, 1989). In order to establish a *prima facie* case of disability discrimination, a complainant must prove, by a preponderance of the evidence, that he was treated differently than individuals not within his protected group, or that the agency failed to make a needed reasonable accommodation, resulting in adverse treatment of the complainant.  See <u>Session v. Helms</u>, 751 F.2d 991, at 992-3 (9th Cir.), *cert.* denied, 474 U.S. 846 (1985).  A complainant also must demonstrate a causal relationship between the disabling condition and the agency's reasons for the adverse employment action.  <u>Rideout v. Department of the Army</u>, EEOC Appeal No. 01933866 (November 22, 1995); <u>Mackey v. U.S. Postal Service</u>, EEOC Appeal No. 01931771 (April 28, 1994); and <u>Milder v. Department of Veterans' Affairs</u>, EEOC Appeal No. 01971724 (January 15, 1999).

## PROCEDURAL AND FACTUAL BACKGROUND

At all times relevant to the issue(s) in this complaint, you were employed as a Mail Handler at the Palatine Processing and Distribution Center (P&DC), Palatine, Illinois.  You have alleged that the Northern Illinois FMLA Coordinator, Cora A. Krause (Race: Caucasian, Religion: Episcopalian) intentionally discriminated against you because of your Race (African American), Religion (atheist), and Physical Disability when: (1) on March 25, 2007 and June 15, 2007, you received letters from management stating your requested FMLA Certification/documentation was denied.

You submitted FMLA documentation which was received by the FMLA Department on December 15, 2006 and March 19, 2007.  (IF, Exhibit 2, pp. 1-6). You stated that you were denied this coverage because you were required to submit more than what your doctor had supplied for you.  (IF, Affidavit A, pp. 7-8).  You also alleged that Ms. Krause "racially profiles black employee's, denying their FMLA for any reason she can find."  (IF, Affidavit A, p. 8).  You were ultimately denied coverage for both of these periods.  (IF, Exhibit 4, p. 1; IF, Exhibit 6, p. 1).

Final Agency Decision
Robert C. Kelly
4J-600-0077-07
Page 8

## COMPLAINANT'S *PRIMA FACIE* CASE

Race and Religion

You have failed to establish a *prima facie* case of "disparate treatment" discrimination.  As stated above, in order to assert a claim of "disparate treatment" discrimination, you must first demonstrate that there is some substance to your claim.  You may establish a *prima facie* case of discrimination with circumstantial evidence by showing that you: (1) belonged to a protected class; (2) were subjected to an adverse employment action; and (3) were treated differently in this regard than similarly situated individuals who were not members of the protected group.  A claim of religious discrimination due to disparate treatment follows the same allocation of the burdens and order of presentation of proof as in any Title VII disparate treatment claim.  While you have met the first element because of your membership in the claimed protected classes, and the second because the accepted claim of this complaint constitutes an adverse action; you have failed to establish the third requirement of a *prima facie* case of discrimination based on race and religion.

As part of your ultimate burden and to meet the third element above, you must show that your race and religion were determinative factors in the Postal Service's actions.  *See* Phebis Bowens v. U.S. Postal Service, EEOC Appeal No. 01933155 (July 7, 1994).  As stated above, this is generally shown when the complainant provides evidence of other similarly situated employees who are not of the same protected classes as you are claiming, were treated more favorably in similar circumstances.  *See* Damisan v. Department of Veterans Affairs, EEOC Appeal No. 01943397 (January 22, 1996).  You testified that Raquel Brillo (Race: Filipino, Religion: unknown); David Perry (Race: White Religion: unknown); Leslie Wisling (Sex: White Religion: unknown); and Cora Krause (Race: White Religion: unknown) were comparators treated more favorably than you.  (IF, Affidavit A, p. 10).

In order to be a valid comparator, a co-worker must be similarly situated with complainant.  Michelle K. Knapp-Huffman v. John Ashcroft, Attorney General, Department of Justice, (Bureau of Prisons), EEOC Appeal No. 01991026 (2002) ("In order to be considered similarly situated, the persons with whom the complainant is comparing herself must be similar in substantially all aspects, so that it would be expected that they would be treated in the same manner.  Murray v. Thistledown Racing Club, Inc., 770 F.2d 63, 68 (6th Cir. 1985)" (emphasis added)).  See also Nogas v. John E. Potter, Postmaster General, United States Postal Service, EEOC Appeal No. 01994718 (2002).  Moreover, all relevant aspects of the employee's work situation must be identical or nearly identical, i.e., that the employees report to the same supervisor, performs the same job function, and work during the same time periods. See

Final Agency Decision
Robert C. Kelly
4J-600-0077-07
Page 9

Anderson v. Department of Treasury, EEOC Appeal No. 01A22092 (March 13, 2003); Stewart v. Department of Defense, EEOC Appeal No. 01A02890 (June 27, 2001); Jones v. United States Postal Service, EEOC Appeal No. 01983491 (April 13, 2000). The above named employees thus cannot be used as similarly situated comparators as none are in the same job function as you (most hold management positions) and furthermore, employees FMLA histories cannot be adequately compared to each other, as each is reviewed on a case by case basis. (IF, Affidavit B, p. 8; IF, Exhibit 8, pp. 1-3).

Thus, you have failed to establish a *prima facie* case of discrimination on the bases of race or religion, and as such, your claim must fail.

Physical Disability

As stated above, in order to assert a claim of disability discrimination, you must satisfy the threshold requirement that you are a disabled person as defined by the Rehabilitation Act of 1973. A person with a disability is defined as one who: (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities; (ii) has a record of having such an impairment; or (iii) is regarded as having such an impairment.

You stated in your affidavit testimony that you suffer with the effects of blunt trauma to your shoulder which required surgery as a result of a fall on a ship in 1984. (IF, Affidavit A, p. 5). However, you have provided only a general description of this condition and have not adequately described the impairments you experience and the limits of these impairments other than stating that any movement involving the left arm brings discomfort. (IF, Affidavit A, p. 6). Furthermore, this testimony does not show that these impairments render you disabled within the meaning of the Rehabilitation Act. You have claimed only general limitations from these conditions. (IF, Affidavit A, pp 29-30). While you claim that limited motion causes you pain, you do not describe the duration of the pain or in what way this incapacitates you or precludes you from performing daily life activities. (Id). You have further cited that you have trouble at times dressing yourself; buttoning your shirt; raising your arms over your head; and washing yourself; but have not supplied how often these activities are limited, the duration of these limitations, or to what extent you can compensate during these activities with your other arm. Specific events in your daily life which are limited have not been shown. An individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to daily life. See Toyota Motor Mfg. v. Williams, 534 U.S. 184 (2002).

Finally, there is no evidence that the Postal Service regarded you as disabled merely because you may possess work restrictions, qualified for FMLA at times, or have a Veterans Disability rating. A permanent Veterans Disability

Final Agency Decision
Robert C. Kelly
4J-600-0077-07
Page 10

rating is not enough on its face to perpetuate a disability under the Rehabilitation Act; you must show how these alleged disabilities substantially limit you ability to perform major life activates.    Domingo v. Department of Transportation, 01986254 (June 20, 2001).

For the aforementioned reasons, you have failed to establish a *prima facie* case of disability discrimination and your claim must fail.

## MANAGEMENT'S LEGITIMATE NON-DISCRIMINATORY REASON

Even assuming, for the sake of argument only, that you are able to establish a *prima facie* case of disparate treatment discrimination, the burden then shifts to the Postal Service to articulate legitimate, nondiscriminatory reasons for its actions.    Specifically, management asserted the following nondiscriminatory reasons:

Ms. Cora Krause stated your certification dated March 8, 2007 was not complete.  (IF, Exhibit 3, pp. 1-6).  You received a letter on March 22, 2007, detailing what deficiencies needed to be corrected and you were given ten days to correct them.  (IF, Affidavit B, p. 5).  Ultimately, your file was left open for an additional thirty days as you contacted your Congressman and his office also inquired into what you also needed to receive the FMLA certification.  (*Id*).  As you had failed to submit anything, on May 8, 2007 your case was disapproved.  (IF, Exhibit 4, pp. 1-2).  She further testified that any decision made regarding the approval or disapproval of FMLA is based on the documentation or lack of documentation submitted by the employee.  Ms. Krause stated when she looks at an employee's FMLA certification she look at the information provided by the Health Care Provider and 29 CFR 825.306 tells her what information is required to complete a certification, if any of the information is missing, and what is considered incomplete.

Ms. Krause further stated that on April 23, 2007 and subsequent dates you requested FMLA  and you  were notified by letter dated June, 15, 2007, that you did not have the required 1250 work hours to qualify for the FMLA certification you requested in April and subsequent dates.  (IF, Affidavit B, p. 1; IF, Exhibit 7, p. 2).  Your FMLA requests for certification were properly handled in accordance with all applicable Postal Policies and Regulations.

This explanation by management for the action it took is reasonable and non-discriminatory.  See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).

Final Agency Decision
Robert C. Kelly
4J-600-0077-07
Page 11

## PRETEXT

Having thus articulated the agency's legitimate, facially non-discriminatory explanation, all presumptions of discrimination now drop from the case. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 507, 125 L.Ed. 407, 113 S.Ct. 2742 (1993). The burden shifts to you to prove by a preponderance of the evidence that the agency's proffered reasons are merely a pretext for discrimination.

Pretext may be demonstrated by showing "such weaknesses, impossibilities, inconsistencies, incoherencies, or contradictions in the agency's proffered reasons for its action that a reasonable fact-finder could rationally find them unworthy of credence and then infer that the employer did not act for the asserted non-discriminatory reason. Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 (10th Cir. 1997). As you have not supplied testimony to support your claims, you offer nothing more than rank speculations and conclusory allegations. These efforts are insufficient in order to establish pretext. Morgan, supra. Your self-serving, improbable speculation and conclusions will not support any finding that you have carried this burden. See Medina-Munoz v. R.J. Reynolds, 896 F.2d 5 (1st Cir. 1990); Jones v. Gerwens, 874 F.2d 1534 (11th Cir. 1989). Your claim that Ms. Krause profiles FMLA certification applicants is not practical. At the time of her affidavit, she had over 700 FMLA certifications pending throughout the district and stated she often speaks to 30 or 50 different people daily. (IF, Affidavit B, p. 6). It is not realistic that she would know the race of the majority of the employees as it is not listed anywhere on employment forms. The actions taken by Ms. Krause were within all Postal Policies and Regulations and in accordance with the applicable union contracts.

The preponderance of the evidence clearly supports a conclusion that you have failed to establish a *prima facie* case for disparate treatment discrimination. Moreover, you have failed to submit any evidence into the record that the reasons articulated by the Agency for taking the action are not the true reasons for their decisions in these matters. Simply stated, you have not met the burden of establishing that the Agency's articulated reasons were not credible or were a pretext to mask prohibited discrimination. Finally, you have not presented any evidence to indicate that agency officials harbored a discriminatory animus towards members of your protected groups.

## CONCLUSION

After carefully considering the entire record, and applying the legal standards outlined in McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973); and Prewitt v. U.S. Postal Service, 662 F .2d 292 (5th Cir. 1981) (applying the standard to cases brought under the Rehabilitation Act); I find that you have

Final Agency Decision
Robert C. Kelly
4J-600-0077-07
Page 12

failed to prove that you were subjected to discrimination as alleged. Consequently, your case is now closed with a finding of no discrimination.

## APPEAL TO EEOC

You have the right to appeal the Postal Service's final decision to the Director, Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), P.O. Box 19848, Washington, DC 20036-9848, within 30 calendar days of your receipt of this decision. You must use Form 573, a copy of which is enclosed, in connection with your appeal. You may also deliver your appeal in person or by facsimile provided that briefs filed by facsimile are ten or fewer pages in length. Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal. Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation or brief were also submitted to the National EEO Investigative Services Office, NEEOISO – FAD, USPS, P. O. Box 21979, Tampa, FL 33622-1979. You are advised that if you file your appeal beyond the 30-day period set forth in the Commission's regulations, you should provide an explanation as to why your appeal should be accepted despite its untimeliness. If you cannot explain why your untimeliness should be excused in accordance with 29 C.F.R. 1614.604, the Commission may dismiss the appeal as untimely.

## RIGHT TO FILE A CIVIL ACTION

Alternatively, if you are dissatisfied with the Postal Service's decision in this case, you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the Postal Service's final decision, within 90 calendar days of the EEOC's final decision on any appeal, or after 180 days from the date of filing an appeal with the EEOC if no final decision has been rendered. If you choose to file a civil action, that action should be styled **Robert C. Kelly v. John E. Potter, Postmaster General**. You may also request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security. Whether these requests are granted or denied is within the sole discretion of the District Judge. Your

Final Agency Decision
Robert C. Kelly
4J-600-0077-07
Page 13

application must be filed within the same 90-day time period for filing the civil
action.


_Rose Marie Jones_                                    _1/7/07_
Rose Marie Jones
EEO Services Analyst                          Date:
NEEOISO
P. O. Box 21979
Tampa, FL 33622-1979


**Enclosure:** Appeal Form 573
cc:

Robert C. Kelly
PO Box 95513
Palatine, IL 60095-0513
**Delivery Confirmation No.  0307 0020 0001 8485 2024**

Kenny Reed
211 N. Kasper Avenue, #104
Arlington Heights, IL 60005-1265
**Delivery Confirmation No.  0307 0020 0001 8485 2031**

Manager, Human Resources
North Illinois District
500 East Fullerton Ave.
Carol Stream, IL 60199-9994

Law Department Attorney
Ms. Deborah W. Carlson, J.D.
United States Postal Service Law Department
222 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606-6105

Regional Manager, EEO Compliance and Appeals
Great Lakes Area
244 Knollwood Drive 2nd Floor
Bloomingdale, IL 60117-3010

## NOTICE OF APPEAL/PETITION
## TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### OFFICE OF FEDERAL OPERATIONS
P.O. Box 19848
Washington, DC 20036

**Complainant Information: (Please Print or Type)**

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | |
| Home/mailing address: | |
| City, State, ZIP Code: | |
| Daytime Telephone # (with area code): | |
| E-mail address (if any): | |

**Attorney/Representative Information (if any):**

| | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |

**General Information:**

| | |
|---|---|
| Name of the agency being charged with discrimination: | |
| Identify the Agency's complaint number: | |
| Location of the duty station or local facility in which the complaint arose: | |
| Has a **final action** been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | ___Yes;  Date Received _____(Remember to attach a copy)<br>___No<br>___This appeal alleges a breach of settlement agreement |
| Has a complaint been filed on this same matter with the EEOC, another agency, or through any other administrative or collective bargaining procedures? | ___No<br>___Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |
| Has a civil action (lawsuit) been filed in connection with this complaint? | ___No<br>___Yes (Attach a copy of the civil action filed) |

**NOTICE:** Please **attach a copy of the final decision or order** from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the EEOC Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC **and** with the agency **within 30 days** of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the EEOC at the address above.

| | |
|---|---|
| Signature of complainant or complainant's representative: | |
| Date: | |

**EEOC Form 573 REV 1/01 (page 1 of 1)**