UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT C. KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 1919 |
| v. ) | |
| ) | Judge Coar |
| JOHN E. POTTER, Postmaster General of the ) | |
| United States Postal Service, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY MEMORANDUM**
**IN SUPPORT OF ITS MOTION TO DISMISS**

Kelly argues in his response that the MSPB decision upholding his removal should not give rise to a *res judicata* defense because (1) *res judicata* cannot be raised in a motion to dismiss; (2) the MSPB case was adjudicated on a written record; (3) his allegations of sex and religious discrimination were not presented to the MSPB; (4) the MSPB decision expressly reserved his right to bring this action; and (5) the Final Agency Decision on his EEO complaint gives him authority to bring this case. All of these arguments are without merit.

First, the defense of *res judicata* is appropriately raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See, e.g.*, *Brzostowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 338 (7th Cir. 1995) (affirming *res judicata* dismissal under Rule 12(b)(6)).

Second, there is no requirement that the first case have resulted in a trial. All that is required is a final judgment. *Tartt v. Northwest Community Hospital*, 453 F.3d 817, 822 (7th Cir. 2006) ("*Res judicata* applies if there is: '(1) a final judgment on the merits in an earlier action, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or privies in the two suits.'").

Third, it does not avail Kelly to add additional types of animus (*i.e.,* sex and religious animus) to his discrimination allegations, where the alleged discriminatory *acts* which form the foundation for his complaints are the same. "A claim has 'identity' with a previously litigated matter if it emerges from the same 'core of operative facts' as that earlier action." *Brzostowski,* 49 F.3d at 339. The precise issue need not have been raised. The judgment in the earlier action is conclusive as to "all matters which were litigated or which might have been litigated" in the earlier proceeding. *Wilhelm v. Milwaukee*, 325 F.3d 843, 846-847 (7th Cir.2003).

Fourth, the MSPB decision did *not* expressly reserve Kelly's right to bring this action. We attached the MSPB decision to our opening memorandum and cited cases showing that the court may take notice of it.

Finally, as we pointed out in our opening memorandum, it is true that Kelly received an EEO decision on his EEO claim that the agency discriminated against him by denying him FMLA leave. Mem. at 5. This court has jurisdiction over that claim, but should dismiss it pursuant to Rule 12(b)(6) because (1) Kelly is bound by the MSPB determination that the Postal Service complied with the FMLA, and (2) denial of FMLA protection for his leave was not an adverse employment action. Kelly did not suffer at all from the Postal Service's refusal to accord his absence FMLA protection—until the Postal Service decided to terminate his employment.

Kelly's response memorandum is remarkable, because it does not reveal what the employment action is that he is complaining about. Accordingly, we cover all the bases. As set forth in our opening memorandum, this court lacks jurisdiction over any claim arising from Kelly's removal because Kelly chose to present that issues to the MSPB, and then chose not to appeal the adverse decision of the AJ. While Kelly did have a separate EEO complaint and decision relating

2

to the denial of FMLA certification for his absences, that issue is moot unless Kelly is trying to accomplish a prohibited back door challenge to his *removal*. If Kelly is trying to challenge his removal, his claim is barred by *res judicata*. Finally, Kelly never exhausted administrative remedies for his claim that he suffered a hostile work environment or his claim that he was denied some (unspecified) accommodation for his (unspecified) alleged disability.

## Conclusion

For the foregoing reasons, this court should dismiss Kelly's complaint.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Jonathan C. Haile
　　JONATHAN C. HAILE
　　Assistant United States Attorney
　　219 South Dearborn Street
　　Chicago, Illinois 60604
　　(312) 886-2055
　　jonathan.haile@usdoj.gov

*Of Counsel:*

DEBORAH W. CARLSON, Esq.
Law Department
United States Postal Service
222 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606-6105

## CERTIFICATE OF SERVICE

      The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**DEFENDANT'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS**

was served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by first-class mail on July 31, 2008, to the following non-ECF filers:

    Michael T. Smith
    Law Offices of Michael T. Smith
    440 W. Irving Park Road
    Roselle, IL 60172

                                        By:  s/ Jonathan C. Haile
                                               JONATHAN C. HAILE
                                               Assistant United States Attorney
                                               219 South Dearborn Street
                                               Chicago, Illinois 60604
                                               (312) 886-2055
                                               jonathan.haile@usdoj.gov