IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT C. KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 08-C-1919 |
| ) | |
| JOHN E. POTTER, Postmaster General of ) | Honorable David H. Coar |
| the United States Postal Service, ) | |
| Defendant. ) | |
| ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Before this Court is Defendant John E. Potter's ("Defendant") Motion to Dismiss Plaintiff Robert C. Kelly's ("Plaintiff") Complaint. Plaintiff filed a Complaint alleging disability discrimination based upon the Rehabilitation Act of 1973, for failure to accommodate Plaintiff's physical needs and denying him benefits under the Family Medical Leave Act (Count I). The Complaint also claims race, religion, and sex discrimination under Title VII of the amended Civil Rights Act of 1964, alleging that the Plaintiff was a victim of disparate treatment in the accommodation of injuries and approval of FMLA benefits (Counts II-IV). Defendant moves to dismiss Plaintiff's complaint. For the reasons stated below, Defendant's motion to dismiss is **GRANTED**.

1

### I. Alleged Facts

Plaintiff Robert Kelly is a former employee of the United States Postal Service ("USPS"). On July 7, 2007, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") after he was denied certification under the Family Medical Leave Act ("FMLA") by Northern Illinois FMLA Coordinator Cora A. Krause. In his charge, he alleged discrimination based on race (African-American), religion (atheist), sex (male), and physical disability (shoulder trauma). When Plaintiff withdrew his request for a hearing before an administrative law judge ("ALJ") on December 6, 2007, his case was remanded to the USPS for a Final Agency Decision. The USPS issued its decision on January 7, 2008, finding that Plaintiff failed to prove that he was subjected to discrimination when denied FMLA coverage. Plaintiff was given 90 days – until April 7, 2008 – to file a civil action in the appropriate United States District Court.

On September 15, 2007, while his EEO complaint was still pending, Plaintiff was terminated by the USPS for "Failure to Maintain a Regular Schedule." Plaintiff challenged his termination before the Merit Systems Protection Board (MSPB) as a "mixed case," on the grounds that 1) FMLA certification, which potentially would have protected his absences, had been denied to him on the basis of race discrimination, 2) the USPS discriminated against him by failing to accommodate his disability, and 3) his dismissal was an unreasonably harsh penalty. Nina Puglia, the MSPB Administrative Law Judge ("ALJ"), issued her decision on January 14, 2008 – a week after the EEOC released its decision – finding that Defendant had not engaged in the alleged discrimination. The decision became final after February 18, 2008, when the Plaintiff declined to petition for a review before the MSPB. Plaintiff also surrendered his opportunity to obtain further review before the EEOC or a United States District Court by

declining to file a petition or civil action before March 18, 2008, within 30 days after the MSPB's decision became final.

On April 3, 2008, Plaintiff filed an action before this Court to receive a trial on the claims in his EEO charge, regarding the pre-termination denial of FMLA benefits. Citing various reasons, including lack of subject matter jurisdiction, Defendant now files a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## II.     Standard of Review

When seeking to dismiss a claim pursuant to Rule 12(b)(1), a party may engage in either a facial or a factual attack. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 n. 2 (7th Cir. 2002); *Freiburger v. Emery Air Charter Inc.*, 795 F.Supp. 253, 256-57 (N.D. Ill. 1992).

In a facial attack, the movant asserts that "allegations of jurisdiction in the pleadings are facially insufficient to demonstrate the existence of jurisdiction." *Freiburger*, 795 F.Supp. at 256. The court must take the material allegations of the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003). In a factual attack, the movant challenges the factual existence of subject matter jurisdiction. *Freiburger*, 795 F.Supp. at 257. The allegations in the complaint do not control in a factual attack; only uncontroverted allegations are accepted as true for the purposes of such a motion. *See Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir. 1998). Moreover, where the parties have submitted evidence beyond the pleadings pertinent to subject matter jurisdiction, a court may properly look beyond the

complaint to determine whether subject matter jurisdiction exists. *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir.1999) (quoting *United Transp. Union*, 78 F.3d at 1210); *see also Hay*, 312 F.3d at 879 ("the district court had not only the right, but the duty to look beyond the allegations of the complaint to determine that it had jurisdiction to hear the . . . claim."). Finally, the plaintiff bears the burden of providing "competent proof" that jurisdiction exists. *Target Mkt. Publ'g v. Advo, Inc.*, 136 F.3d 1139, 1142 (7th Cir. 1998).

Although Defendant has not styled his brief to bring a factual attack on Plaintiff's complaint, the Court finds grounds in the attached materials to construe Defendant's motion to dismiss as such and proceeds accordingly.

### III. Analysis

**A. Administrative Procedures**

A federal employee presents a "mixed case" when he suffers an adverse personnel action and alleges discrimination in violation of Title VII. The aggrieved party may pursue his claim either by filing a mixed case complaint with his agency's EEOC office or by filing a mixed case appeal directly with the MSPB. 5 C.F.R. § 1614.302(b). The aggrieved party may not, however, do both. *Id.* Normally, the party's first filing constitutes an election to proceed in that forum. 29 C.F.R. § 1614.302 (b) ("The person shall be advised that he or she may not initially file both a mixed case complaint and an appeal on the same matter and that whichever is filed first shall be considered an election to proceed in that forum.").

If an individual elects to proceed with an appeal to the MSPB, any pending agency complaint raising the same matters shall be dismissed. 29 C.F.R. § 1614.107(a)(4). Alternatively, if 120 days have passed since the filing of the conflicting EEO complaint and the matter remains unresolved, the MSPB may assume jurisdiction pursuant to 5 C.F.R. § 1201.154(b)(2). If the party files an appeal with the MSPB prematurely, the judge may either dismiss the appeal without prejudice to its later refiling, or hold the appeal for a short time, if doing so would allow it to become timely. 5 C.F.R. § 1201.154(c).

If the aggrieved party has elected the MSPB, the body is required to address both the alleged discrimination and the employment action. 5 U.S.C.A. § 7702(a)(1)(B)(v). Once a decision is issued, the aggrieved party may petition the EEOC for a review of the discrimination issues, *see* 29 C.F.R. § 1614.302(c)(2)(i), or file a civil discrimination action in federal district court, *see* 5 U.S.C. § 7703(b)(2); 29 C.F.R. § 1614.310. Should the party elect to bring a mixed case complaint before the EEOC, the subject agency is charged with investigating the complaint and issuing a Final Agency Decision. 29 C.F.R. § 1614.302(d)(2). There is no right to a hearing regarding a mixed case complaint. *Id.* Within thirty days of the final decision, the aggrieved party may file an appeal with the MSPB or a civil action in federal district court. 29 C.F.R. § 1614.302(d)(3).

**B. Jurisdiction**

Plaintiff Robert Kelly first filed an EEO complaint regarding the denial of FMLA benefits on July 7, 2007. At this date, he had not yet been informed of his termination. In other words, he had not yet suffered an adverse personnel action appealable to the MSPB. *See* 5

C.F.R. § 1201.2. Plaintiff therefore did not present a mixed case complaint with the EEOC at that time. 29 C.F.R. § 1614.302(b); s*ee Economou v. Caldera*, 286 F.3d 144, 149 (2nd Cir. 2002) (finding that a pre-termination EEO complaint regarding a proposed removal did not constitute a mixed-case complaint, whereas plaintiff's post-termination appeal to the MSPB did); *High v. Paulson*, 2007 WL 1832107, at *5 (D. Colo. June 25, 2007); *Lozado-Boulware v. Snow,* No. 02-C-2712, 2004 WL 2870081, at *2 (N.D. Ill. Dec. 14, 2004).

After receiving his letter of termination, Plaintiff filed an appeal before the MSPB on September 10, 2007, alleging a number of discrimination and non-discrimination claims. Plaintiff's appeal to the MSPB raised the same issue set forth in his EEO complaint, namely discrimination by FMLA Coordinator Cora Krause in the denial of his FMLA certification. Plaintiff also indicated this on his appeal form. Because Plaintiff's filing with the MSPB *was* a mixed case, it represents Plaintiff's election of the MSPB as the forum for challenging his FMLA and other termination-related claims based on discrimination. *See* C.F.R. § 1614.302 (b)*; Economou*, 286 F.3d at 149-50; *High v.* Paulson, 2007 WL 1832107, at *5; *Lozado*-Boulware, 2004 WL 2870081, at *2. Plaintiff was therefore bound to exhaust his claims in that forum before filing a civil action in federal district court. *Id.*

An agency must dismiss a pending EEO complaint under 29 C.F.R. § 1614.107(a)(4) once the discrimination claims are raised in an appeal to the MSPB and "the complainant has elected to pursue the non-EEO process." Although the USPS did not dismiss the complaint on this basis, it should have done so under the regulations governing mixed case complaints. *Id; see also Bailey v. Henderson*, 230 F.3d 1357 (6th Cir. 2000) (unpublished disposition) (agreeing with EEOC decision to dismiss a related EEO complaint where plaintiff elected to pursue his mixed case appeal before the MSPB); *Martinez v. Slater*, 124 F.3d 217 (10th Cir. 1997)

(unpublished disposition) (affirming dismissal of EEO complaint filed before plaintiff's removal and construing plaintiff's post-termination MSPB appeal as an indicator of his election of forum); *Ramey v. Ashcroft*, No. 4:04 CV 01797, 2005 WL 1637868 (N.D. Ohio July 12, 2005) (finding that, where plaintiff elected to proceed with an appeal to MSPB and reached a settlement agreement in that forum, previously filed agency complaint should have been dismissed).

The MSPB, for its part, had the option of holding its proceedings in abeyance until the completion of the EEO process. 29 C.F.R. § 1614.302; *see also Ballentine v. Merit Sys. Prot. Bd.*, 738 F.2d 1244, 1248 (Fed. Cir. 1984). At the very least, it could have issued an Order to Show Cause why the case was within the MSPB's jurisdiction, so as to give Plaintiff an opportunity to clarify his election. *See Economou v. Caldera*, 286 F.3d 144, 146 (2nd Cir. 2002); *Lozado-Boulware,* 2004 WL 2870081 at *2.

Despite these oversights, the MSPB properly exercised jurisdiction over Plaintiff's case once he filed his mixed-case appeal. Even if Plaintiff had filed his original EEO complaint as a mixed-case complaint, the MSPB would have been able to assume jurisdiction over the matter after 120 days of inactivity, effective November 7, 2007. *See* 5 C.F.R. § 1201.154(c). Although an MSPB case may be premature when initially filed, it may nevertheless ripen into a jurisdictionally proper case once the conflicting EEO process extends beyond a set time period. *Id.*; *see also High*, 2007 WL 1832107 at *1. Plaintiff indicated in his MSPB appeal form that he had filed a formal discrimination complaint with the USPS in July, concerning the same matter on which he sought MSPB appeal. Although the MSPB's response to this information is not apparent from the record, the Court can only assume that the ALJ took this into account when exercising jurisdiction.

The MSPB ALJ denied Plaintiff relief on all counts, after which Plaintiff could have sought further review of the MSPB's decision either by filing a petition for administrative review of the MSPB's final decision with the EEOC within 30 days, *see* C.F.R. §§ 1614.303-304, or by filing a civil action in the appropriate district court within 30 days of the MSPB's final decision, *see* 5 U.S.C. § 7703(b)(2); 29 C.F.R. § 1614.310. Yet, when the time came, Plaintiff neither petitioned the EEOC for review nor timely instituted a civil action. Nor does Plaintiff deny that he failed to exhaust his remedies in the MSPB forum, having waived his opportunities for review of his termination claims. Instead, on April 3, 2008, Plaintiff filed the instant action, citing the Final Agency Decision on the initial EEO complaint as the jurisdictional basis for his suit.

Although Plaintiff received a Final Agency Decision from the USPS, the Court is without subject matter jurisdiction because the underlying complaint should have been dismissed pursuant to 29 C.F.R. § 1614.107(a)(4), once Plaintiff elected the MSPB as his forum for challenging the allegedly discriminatory denial of his FMLA certification. Predicating the Court's jurisdiction on the Final Agency Decision would ignore the clear statutory requirement that a federal employee elect between a mixed-case EEO complaint or a mixed-case MSPB appeal.

**C. Equitable Estoppel**

The Court treads carefully when considering dismissal of the instant case, seeing as Congress strongly favored the adjudication of discrimination claims in courts when enacting

Title VII. *Univ. of Tennessee v. Elliott*, 478 U.S. 788, 796 (1986).[1] Accordingly, in cases where parties pursuing parallel EEO and MSPB claims seek review of an invalid EEO decision, courts have considered extending jurisdiction over discrimination claims by equitably tolling the statute of limitations imposed by the elected forum, the MSPB. *See, e.g.*, *Davis v. Potter*, 301 F.Supp.2d 850 (N.D. Ill. 2004); *Steadman v. Whitman*, No. 91-C-6699, 2002 WL 31473823, at *6 (N.D. Ill. Nov. 1, 2002). Equitable estoppel can extend the time period for seeking judicial review because Title VII administrative deadlines operate as statutes of limitations rather than jurisdictional requirements. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir.1990).

The facts in the instant case do not call for equitable measures, however. To invoke equitable estoppel against the government, it must have engaged in "affirmative misconduct" inducing detrimental reliance, among other requirements. *See Edgewater Hosp., Inc. v. Bowen*, 857 F.2d 1123, 1138 (7th Cir. 1988). Such conduct must amount to more than mere negligence; an affirmative act to misrepresent or mislead is required. *Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000). Failure to inform Plaintiff of the consequences of electing the MSPB as his forum does not rise to the level of an affirmative act of misrepresentation. *Davis v. Potter*, 301 F.Supp.2d 850, 860-61 (N.D. Ill. 2004) (citing *Gibson*, 201 F.3d at 994) (denying equitable estoppel where the government failed to inform plaintiff, a former postal service worker, that filing an MSPB appeal constituted an election of that forum); *see also Lozado*-Boulware, 2004 WL 2870081, at *5 (denying review of EEO claims despite uncertainty as to whether the

---

[1] Indeed, the presumption of de novo review in the Title VII context is substantial enough to override common law rules of administrative estoppel. *Id.* The Title VII decisions of state administrative agencies, for example, only preclude judicial review by a district court if they have been previously reviewed by a state court. *Id; Kremer v. Chem. Const. Corp.*, 405 U.S. 461, 477-78 (1982). The preclusive effect of unreviewed federal administrative agency decisions, like those of the MSPB, is an unsettled point, although opinions and dicta from this and other circuits suggest that they are only entitled to preclusive effect once they, too, have undergone judicial review. *See, e.g.*, Rosenfeld v. Dept. of Army, 769 F.2d 237, 239, 241 n. 3 (4th Cir. 1985); *Gergick v. Austin*, 997 F.2d 1237, 1238 (8th Cir. 1993); *Tice v. Bristol-Myers Squibb Co.*, 325 Fed.Appx. 114, 120-121.

9

plaintiff was appropriately advised of the preclusive finality of her decision to withdraw all discrimination claims from her MSPB appeal). While § 1614.107(a)(4) does place an affirmative obligation on the USPS to dismiss a filed complaint when the matter is raised in an MSPB appeal, omitting to perform an affirmative obligation is not tantamount to engaging in "affirmative misconduct" for the purposes of asserting equitable estoppel. *See Steadman*, 2002 WL 31473823, at *6 (citing *Gibson*, 201 F.3d at 994).

Arguably, offering Plaintiff a 90-day time period to seek judicial review for the Final Agency Decision on his EEO complaint, when the subsequent 30-day MSPB deadline for review expired two weeks earlier, resembles more of an affirmative act than an omission. However, as a general rule, even detrimental reliance on misinformation provided by a government employee or agent does not provide a basis for equitable estoppel. *Edgewater Hosp.,* 857 F.2d at 1138. The existence of pending EEO processes, however misleading, has not stopped other courts from enforcing the timelines of an elected forum. *See, e.g.*, *Lozado-Boulware*, 2004 WL 2870081, at *6; *Economou*, 286 F.3d at 149-50; *Martinez v. Slater*, 124 F.3d 217 at *1; *cf. Stahl v. Merit Systems Protection Bd.*, 83 F.3d 409, 412 (Fed. Cir. 1996) (despite complexities of various appeal rights and procedures, failure to file timely appeal to MSPB was not excused where plaintiff received notice that clearly and correctly informed her of choices for seeking review, as well as correct time limits in which to act).

Additionally, there is no showing that Plaintiff detrimentally relied on the timeline provided by the Final Agency Decision when declining to seek judicial review of his MSPB decision. Besides receiving clear and unambiguous notice of his right to seek judicial and administrative review of the MSPB's decision, *see* Defendant's Exhibit 1, p. 17-19, Plaintiff confirms in his complaint and responsive pleadings that he does not seek to appeal the MSPB

decision. His emphatic distinction between the timelines offered by the two cases indicates that the 30-day MSPB deadline was not a source of confusion for him. As further evidence of his clarity of mind, Plaintiff's pleadings artfully sidestep all termination issues, which had been addressed by the MSPB, and focus instead on pre-termination issues, akin to his EEO complaint. Finally, Plaintiff at no point claims that the affirmative conduct of the USPS prevented him from seeking judicial review of the MSPB decision in a timely manner. Rather, it appears that Plaintiff, having either missed the MSPB deadline or decided against review, now seeks alternative options for relief.[2] Having failed to exhaust his remedies in his elected forum, however, Plaintiff cannot resurrect them here.

Given the presumption of de novo review in Title VII cases, this Court would be more inclined to explore equitable estoppel if the merits of Plaintiff's case had not been heard in any forum. *See Kornman v. Baker,* 686 F.Supp. 812, 813 (N.D. Cal. 1988) (granting equitable estoppel where neither the EEOC nor the MSPB considered the merits of plaintiff's discrimination claims). However, the MSPB ALJ thoroughly examined Plaintiff's discrimination claim regarding the denial of his FMLA benefits by FMLA Coordinator Krause. Granted, the ALJ did not address discrimination by Krause on the additional grounds of sex,

---

[2] Plaintiff's complaint focuses on a variety of claims not included in his original EEOC charge, which limited itself to the allegedly discriminatory denial of Plaintiff's FMLA benefits by Krause. To recognize Plaintiff's new claims at this stage would contradict the principle articulated in *Cheek v. W & S Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) and *Teal v. Potter*, 559 F.3d 687 (7th Cir. 2009), prohibiting plaintiffs from bringing Title VII and Rehabilitation Act claims in a lawsuit that were not included in their original EEOC charges. At the very least, all claims set forth in a complaint must be "like or reasonably related to the allegations of the charge and growing out of such allegations" to be cognizable. *Cheek*, 31 F.3d at 500. "This means that the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals." *Id.* Plaintiff's additional claims, which allude to, yet fail to provide any factual allegations for, a hostile work environment and USPS's failure to accommodate his physical disability, are not "like or reasonably related" to Plaintiff's transactions with Ms. Krause. *See Milloy v. WBBM-TV Chicago*, 613 F.Supp.2d 1035, 1038 (N.D. Ill. 2009) (distinguishing a hostile work environment claim from a claim alleging discriminatory discharge); *Green v. National Steel Corp., Midwest Div.*, 197 F.3d 894, 898 (7th Cir. 1999) ("[A] failure to accommodate claim is separate and distinct from a claim of discriminatory treatment"). As a result, had the Court exercised jurisdiction over Plaintiff's complaint, these additional claims would have been dismissed out of hand for failure to exhaust administrative remedies.

11

religion, and disability, as alleged in Plaintiff's EEO complaint. Nevertheless, the underlying facts forming his EEO discrimination claim were adjudicated on the merits, and Plaintiff was free to claim discrimination on these grounds before the MSPB. *See McCall v. Johanns,* No. 2:06cv39-MHT, 2008 WL 895347, at *4 (M.D. Ala. Mar. 28, 2008) (finding that voluntary dismissal of termination claim before the MSPB precluded the later adjudication of related discrimination claims on appeal from EEO); *Bailey v. Henderson*, 230 F.3d 1357 (6th Cir. 2000) (finding that EEO and MSPB mixed-case claims were the same for the purposes of dismissing EEO complaint, where the challenged events were not identical but concerned the same issues of poor attendance). That Plaintiff declined to allege these additional grounds for discrimination does not alter his election of forum.

Under these circumstances, dismissal of the instant action would not deprive Plaintiff of his right to a trial de novo under Title VII. When Plaintiff elected the MSPB forum, he was given the right to appeal to a federal district court. It was Plaintiff's own decision to waive his right to the administrative remedies available to him, including his right to judicial review. Plaintiff's election of the MSPB as the forum for his discrimination claims also left his EEO proceedings without authority. As a result, the Final Agency Decision issued on Plaintiff's EEO complaint cannot form the basis for this Court's jurisdiction.

### IV.    Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED.

Enter:

/s/ David H. Coar

———————————————————
David H. Coar
United States District Judge

Dated: **October 16, 2009**